491 So.2d 369 (1986)
LOUISIANA STATE BAR ASSOCIATION
v.
Norwood Marcy LYONS.
No. 85-B-1253.
Supreme Court of Louisiana.
June 23, 1986.
Thomas O. Collins, Jr., G. Fred Ours, New Orleans, Gerald F. Thomas, Jr., Natchitoches, Roland J. Achee, Shreveport, Robert J. Boudreau, Lake Charles, Robert M. Contois, New Orleans, Frank J. Gremillion, Baton Rouge, Carrick R. Inabnett, Monroe, Harvey Lewis, New Orleans, Alfred S. Landry, Lafayette, Philippi P. St. Pee, Metairie, for applicant.
Norwood Marcy Lyons, Crowley, in pro. per.
LEMMON, Justice.
This is a disciplinary proceeding by the Louisiana State Bar Association, through its Committee on Professional Responsibility, against one of its members based on violations of the disciplinary rules.
The proceeding focused primarily on respondent's dealings with three separate clients. In the first incident, respondent received $300 from a client in March, 1976 to handle his bankruptcy. Despite repeated communications from the client, respondent failed to file the proceeding or to withdraw from representation and return the advance payment of the fee. The failure was candidly described by respondent as inexcusable. Respondent thus violated Disciplinary Rules 1-102 by engaging in conduct that is prejudicial to the administration of justice, 6-101(A)(3) by neglecting a legal matter entrusted to him, and 7-101(A) by failing to carry out a contract of employment entered into with a client for professional services.
The principal mitigating factor is that the client apparently did not suffer any financial detriment from respondent's failure. At the time of the hearing before the commissioner, none of the client's creditors had collected any of the debts sought to be discharged in bankruptcy, and most of the debts had prescribed and were no longer collectable.
In the second incident, respondent was employed to represent a client in a workmen's compensation claim. Although respondent never filed the action on his *370 client's behalf, he misled the client by stating that the action had been filed. When the client eventually determined the true status by checking the court records, respondent informed the client that the action had been filed in another parish and went to that courthouse with the client. While there, respondent admitted his failure and offered to pay the client $1,500 out of his own pocket, which the client readily accepted. Respondent admitted all of the foregoing facts and is thus guilty of violating the same disciplinary rules involved in the first incident, as well as an additional violation of Disciplinary Rule 1-102 by engaging in conduct involving deceit and misrepresentation.
As a mitigating consideration, the client probably suffered no damages, because his claim had questionable merit from the outset. Another attorney had earlier declined representation because the claim was not worth pursuing, and the client at the hearing before the Committee indicated that he was entirely satisfied to receive $1500 in settlement of the entire matter.
In the third incident, respondent represented a client in a slip and fall case which resulted in an adverse judgment in the trial court in 1971. When the client desired to appeal, respondent felt the appeal would be useless, but could not tell the client "the hard truth". Respondent informed the client that the appeal had been perfected, although he had never taken any action. Over the next several years, respondent persisted in this falsehood and used serious deceptive practices to cover up his earlier misrepresentation. After telling the client that the case was before the Supreme Court, respondent even went so far as to fake a telephone call to the court while the client was in his office. Respondent admitted these facts and is thus guilty of violating the same disciplinary rules involved in the second incident. The only mitigating evidence was testimony by an attorney, who had investigated the lawsuit after the client finally learned the truth, that "there was probably very little, if any, basis for an appeal in the first place".
In argument before the commissioner, respondent admitted that he had engaged in conduct which he characterized as chronic procrastination and that he had misled clients, but pointed out that the conduct did not involve theft or conversion of clients' funds. He asserted that he had sought to correct his previous pattern of conduct by seeking psychological counseling and by limiting his practice to notarial, succession and business matters.
The commissioner considered the undisputed facts outlined above, as well as the mitigating circumstances and the fact that respondent previously had been issued a private reprimand in 1983 for neglecting a legal matter entrusted to him and a public reprimand in 1981 for neglect and lying to a client.[1] The commissioner concluded that the violations reflected adversely on respondent and on the profession as a whole. Accordingly, he recommended a suspension of at least two years.[2]
*371 In its brief to this court, the Association agreed that a two-year suspension is an appropriate discipline. The Association cited Louisiana State Bar Association v. McGovern, 481 So.2d 574 (La.1986), a case in which the attorney was suspended for one year for neglecting three legal matters which caused damage to two of the three clients. Because the neglect in that case did not involve deceit or dishonesty and was caused at least in part by illness, and because the attorney in that case had no prior discipline imposed against him, the Association considered the present case as more serious.
In the present case, the attorney seriously neglected three legal matters and lied to at least two of the clients. It appears that none of the clients sustained any damages from respondent's neglect.[3] However, respondent's neglect involved deceit and misrepresentations which reflect significantly on the judicial system. Respondent's conduct in the third case was particularly reprehensible because he blamed the judiciary for delays and defaults over a period of years for which he was entirely responsible. An attorney's unwarranted shifting of the blame for inaction from himself to the judiciary undermines public confidence in the entire system and cannot be countenanced.
The purpose of disciplinary proceedings is to maintain appropriate standards of professional conduct and to protect the public from attorneys who have demonstrated that they are unwilling or unable to conduct themselves properly in discharging their professional duties. Determination of the appropriate discipline in a particular case depends upon the circumstances of the misconduct, viewed in the light of the purpose of disciplinary proceedings and in consideration of the aggravating and mitigating circumstances. We agree with the commissioner that respondent's misconduct warrants a suspension of at least two years.
Accordingly, it is ordered that respondent Norwood Marcy Lyons be suspended from the practice of law for two years from the date of the finality of this judgment. It is further ordered that respondent refund the $300 paid by Harvey Regan for services that were never performed and pay all costs of these proceedings.
NOTES
[1] The Association introduced, without objection, the record of all prior complaints against respondent. The "pink card" is not in the record and has not been considered by this court. Arguably, while the Association may properly introduce evidence of prior disciplinary proceedings in which the accused attorney has been found guilty, a complaint against a member of the Association is no more than an unsubstantiated charge and does not constitute reliable evidence bearing on the character of the attorney or on his past behavior. Although disciplinary proceedings are neither civil nor criminal, the rules of civil procedure generally apply in the absence of other provisions in the applicable rules. Model Rules for Lawyer Disciplinary Enforcement, Rule 17 A and B (Tent. Draft 1979). On the other hand, this court in Louisiana State Bar Association v. Jacques, 260 La. 803, 257 So.2d 413 (1972), considered the fact that the attorney had a prior history of thirty-seven complaints over a period of twelve years. We pretermit resolution of this evidentiary problem, which is not necessary to the disposition of this case.
[2] The commissioner seriously considered recommending disbarment, but decided to recommend the lesser penalty when the Association conceded that respondent had been exceptionally contrite after admitting his transgressions and had been particularly cooperative with the Association in investigating and prosecuting the claim.
[3] Respondent has offered to return the $300 paid in advance by the client for handling his bankruptcy. The return of that fee will be made part of the discipline imposed.