LEMMON, Justice.
This case involves a disciplinary proceeding by the Louisiana State Bar Association against one of its members based on allegations that he violated certain of the disciplinary rules.
The proceeding against respondent was confined to his dealings with a single client. The client originally consulted Bayou La-fourche Legal Services, a legal aid organization, to obtain a legal separation from her husband. Though the client paid $65, no suit had ever been filed when the organization closed its office because of loss of funding.
Respondent, who had been serving as the organization’s general counsel, informed the client in May, 1981 that he would pursue the matter as her private attorney for a fee of $350.[1] The client, an indigent mother of two, agreed to the fee, giving respondent a down payment of $100 and agreeing to pay the balance in installments. When the second installment was paid in May of 1982, respondent informed the client that the fee would be $475 and that her divorce would be completed six to eight weeks after the total fee was paid. The remainder of the $475 fee was paid in July of 1982.
When the client checked on the progress of the suit, respondent told her that the petition had been filed and that an attorney had been appointed to locate her husband for trial. The client checked the clerk’s offices in various parishes and determined that no suit had been filed. Subsequent attempts to contact respondent at his home and office were unsuccessful.
The client eventually consulted another attorney, who filed the action in forma pauperis and handled the matter on a pro bono basis. The divorce was finally obtained on January 6, 1984. The client then filed a complaint with the Baton Rouge Bar Association, which was forwarded to the Louisiana State Bar Association.
Respondent failed to respond to communications from the Bar Association or to appear at the investigatory hearing, despite being served with a subpoena.[2] After the hearing established the foregoing facts, the Association filed the present proceeding, and this court appointed a commissioner.
*1025 Respondent appeared at the commissioner’s hearing on July 21, 1986 and testified in his own behalf. He introduced a copy of a separation suit that he had prepared, but admitted that he had never filed the suit nor returned the client’s fee.
The commissioner found as a matter of fact that respondent had charged a fee for services which were never rendered, had failed to return the fee even after the client’s request through the Association, and had failed to assert or prove any reasonable defense to the complaint. The commissioner therefore concluded that respondent had violated DR 1-102(A)(1), (A)(4), (A)(5) and (A)(6) (which involve engaging in dishonest or deceitful conduct, conduct that is prejudicial to the administration of justice, and conduct that adversely reflects on one’s fitness to practice law), DR 6-101(A)(3) (which prohibits the neglect of a legal matter entrusted to an attorney), and DR 7-101(A)(2) and (A)(3) (which involve failure to carry out a contract of employment for professional services and prejudicing or damaging one’s client during the course of the professional relationship). A suspension of eighteen months was recommended.
The Association concurred in the commissioner’s findings, conclusions and recommendations, with the additional recommendation that respondent be ordered to return the $475 fee paid by the client. Respondent failed to concur in or oppose the commissioner’s report and further failed to file a brief in this court.[3]
Respondent’s actions and omissions resulted in the client’s suffering a pecuniary loss of $475, as well as a substantial delay in obtaining her divorce and the attendant mental anguish during the prolonged period of delay. Further, there are several aggravating circumstances which warrant consideration in this case. Although the amount of money involved was relatively small, the client was an indigent mother who paid a substantial fee and received absolutely nothing in return. Not only did respondent quote the client one fee and then increase it at a later date, but also he completely neglected the case once she was finally able to raise the fee, forcing her to seek the assistance of another attorney to procure her divorce. Significantly, respondent lied to the client about the status of her case, causing further delay, and he failed to return any of the fee despite a specific request in the client’s complaint.
The Association argues that the seriousness of the case at bar falls somewhere between that in Louisiana State Bar Association v. McGovern, 481 So.2d 574 (La. 1986), and that in Louisiana State Bar Association v. Lyons, 491 So.2d 369 (La. 1986). In McGovern, the attorney was suspended for one year, with readmission conditioned upon restitution, for neglecting a criminal defense, neglecting a probate matter and failing to surrender documents. The offenses involved three different clients. There were several mitigating circumstances such as the attorney’s failing health, his lack of dishonesty or bad character in connection with the violations, and his service of his profession with honor and integrity for almost forty years. On the other hand, the attorney in Lyons neglected three legal matters entrusted to him and lied to two of the clients. Although no damages were sustained by the parties, the attorney’s actions were deceitful and dishonest. A two-year suspension was imposed, with readmission conditioned upon restitution, because of the dishonest nature of his violation, the unfair blaming of the judiciary for delays for which he was solely responsible, and the two prior reprimands which he had received for neglecting a legal matter and lying to a client.
In the present case, respondent neglected the matter which was entrusted to him and lied to the client by misrepresenting the status of her legal matter. The client sustained damages as a result of his actions and omissions and was eventually forced to seek other legal representation. Respon *1026 dent retained the fee and failed to refund it. However, this conduct, though as reprehensible as that in Lyons, was limited to this one incident. Additionally, there were no prior disciplinary actions against respondent.
The purpose of disciplinary proceedings against an attorney is not so much to punish the particular attorney as to maintain appropriate standards of professional conduct in order to protect the public and the administration of justice. Louisiana State Bar Association v. Mitchell, 481 So.2d 583 (La.1986). The specific discipline imposed in a particular case depends upon the seriousness of the misconduct and the circumstances of the offense, viewed in the light of the purpose of such proceedings and in consideration of the aggravating and mitigating circumstances. LSBA v. Mitchell, supra. We agree with the commissioner that a suspension of eighteen months is appropriate.
Accordingly, it is ordered that respondent, John D. Carpenter, be suspended from the practice of law for eighteen months from the date of the finality of this judgment, with readmission conditioned upon the refund of the $475 fee paid by Mrs. Mary Colleen Domer (now Brown) to respondent for services that were never performed. Respondent is also ordered to pay all costs of these proceedings.

. The client’s case was originally handled by another attorney at the legal services office who apparently neglected to file the petition for separation.

. The only explanation offered by respondent for his uncooperativeness is that he "got mad, bullheaded and stubborn” about the complaint filed against him.

. Respondent filed a motion for a continuance in this court on the day before argument. This court denied the motion, but afforded respondent the opportunity to file a brief setting out his argument. No brief has been received.