LEMMON, Justice.
This disciplinary proceeding against a member of the Louisiana State Bar Association is based on a complaint by a client that the attorney neglected the legal matters entrusted to him and failed to refund to the client the unearned portion of the fee advanced to him.
The evidence at the investigatory hearing held pursuant to the complaint established that respondent was hired by Ellis Taylor in January of 1985 to represent Taylor’s son in a criminal matter and to represent Taylor in a civil suit arising out of the criminal matter, as well as to handle the emancipation of Taylor’s daughter.[1] Taylor made a bank loan to pay respondent the agreed sum of $2,500 for services in these three matters. About a month later respondent contacted Taylor and requested a loan of $1,000. Taylor did not have that much money, but gave respondent a $300 check with the notation “loan”.
Respondent attended the arraignment in the criminal proceeding with Taylor's son. However, respondent did not appear for two subsequent court dates, and he refused to accept Taylor’s telephone calls at his office or at his home. Respondent did arrange to have Taylor’s son’s trial continued, but did not appear on the new trial date. The court therefore appointed a public defender who was eventually successful in having the criminal charges dismissed.
Respondent did not perform any services in connection with the civil suit or the emancipation. Respondent also did not refund any of the advanced fee and did not repay the loan.
The Bar Association filed this disciplinary action charging respondent with failing and neglecting to perform services on behalf of his client and failing to refund the fee advanced by the client, in violation of DR 1-102(A), DR 6-101(A)(3), and DR 7-101(A)(2) and (3) of the Code of Professional Responsibility; receiving a loan from the client during the time of representation and failing to repay the client, in violation of DR 1-102; and failing to cooperate with the Committee on Professional Responsibility by not replying to the complaint filed against him and by not appearing before the Committee in response to a subpoena, in violation of DR 1-102.[2]
*857 At the subsequent hearing before the commissioner appointed by this court respondent testified that the $2,500 was a “starting fee”. He asserted that he performed services in obtaining a setting of bail, interviewing Taylor and his son for two to three hours, reviewing the pertinent documents, interviewing the arresting officer and the victim, securing a reduction in two of the charges from illegal carrying of weapons and unauthorized entry of an inhabited dwelling to simple criminal trespass, and appearing at the arraignment. He stated that he asked Taylor for an additional $1,000 to continue working on the case (not for a loan as Taylor testified), and he asked to get out of the case when Taylor did not pay this amount. The commissioner gave respondent twenty days to document the work that he performed in the criminal matter, and respondent supplied his client file which contained documents showing that bail had been obtained in January, 1985 and the arrest charges had been reduced when the bill of information was filed in June, 1985.
The commissioner concluded that respondent neglected a legal matter entrusted to him and failed to carry out a contract of employment with the client for professional services, in violation of DR 6-101(A)(3) and DR 7-101(A)(2) and (3); that respondent failed to refund the unearned portion of the fee upon his client’s request; that respondent, at a time when he represented Taylor on behalf of his son, requested and received a loan from Taylor which he failed to repay, in violation of DR 1-102;[3] and that respondent failed to cooperate with the Committee on Professional Responsibility in its investigation of the alleged misconduct, in violation of DR 1-102(A)(1), (4), (5), and (6) and Rule 8.4 of the Rules of Professional Conduct (the latter rules being in effect at the time of the investigation).
After examining the record, we conclude the Bar Association proved by clear and convincing evidence that respondent neglected the legal matters entrusted to him. Neglect of a legal matter often involves consequences beyond mere delay in presenting a claim or defense. While in some cases a client who is dissatisfied with his attorney’s lack of diligence or communication (and who has not paid the complete fee in advance) can simply hire another lawyer and avoid prejudice to his position, neglect more often causes injury or prejudice to the client beyond mere delay. It is this by-product of neglect which frequently warrants more severe disciplinary sanctions.
In the present case respondent, although paid in advance for the services he was to perform, failed to appear on scheduled court dates in the criminal matter and failed to perform any services in the civil suit or the emancipation. While he did perform some services initially, he could not withdraw from his representation without giving notice of his intent to do so in a timely fashion. See DR 2-110(A)(2). Here, respondent simply abandoned the client without notice by failing to appear in court in the criminal matter, and he failed to perform any services in the other matters. Moreover, because Taylor had to borrow money to pay the advanced fee and because respondent did not refund the unearned portion of the fee, Taylor undoubtedly sustained injury or prejudice beyond mere delay.
Although the advanced fee constituted client’s funds which respondent was required by DR 9-102(A) to place in a separate bank account, he was not charged with any violations in this regard. However, respondent was also required by DR 9-102(B)(3) and (4) to account for the advanced fee and to return any unearned *858 portion upon request. He did neither, but was only charged for failing to refund the unearned portion of the fee.
The evidence also established that respondent obtained a loan from a client during the course of the representation. The notation on the client’s check refutes respondent’s assertion that the $300 was an additional advanced fee. Furthermore, whether the amount was a loan or an advanced fee, respondent has failed to account for the funds or to repay any amount to the client.
The evidence further established respondent’s failure to cooperate with the Committee. However, respondent did not affirmatively obstruct the investigation or mislead the Committee, and his negligent conduct in failing to reply to the complaint or to appear at hearings is more appropriately considered in the context of this case as an aggravating factor rather than a separate disciplinary violation.[4]
The commissioner did not make a penalty recommendation. The Bar Association recommended a suspension of three years, emphasizing that respondent has previously been suspended in Louisiana State Bar Association v. Carpenter, 502 So.2d 1023 (La.1987).
The prior disciplinary proceeding was based upon respondent’s neglecting to file a divorce action, deceiving his client by stating he had filed the suit, and failing to refund the fee advanced for the services he neglected to perform. This court suspended respondent for eighteen months and conditioned his readmission upon refund of the fee paid by the client for the matter neglected by respondent.[5]
Respondent’s misconduct in the prior disciplinary proceeding occurred in 1982 (although the suspension was not imposed until 1987). The misconduct in the present case occurred in 1985 and involved similar circumstances of neglect and failure to refund advanced fees, indicating a continuation of the same pattern of misconduct. However, there was no deceiving of the client in the present case. While the present misconduct deprived the client of the services for which he had paid, as discussed earlier, there was apparently no other injury or prejudice to the client. Subsequent counsel obtained a dismissal of the criminal charges, and the record does not show any ultimate detriment to the client from respondent’s neglect of the civil suit and the emancipation.
Aggravating factors in this case included a prior disciplinary offense, a pattern of misconduct, and a failure to comply with orders of the disciplinary agency. Standards for Imposing Lawyer Discipline § 9.22 (1986). The only mitigating factor was the existence of personal or emotional problems stemming from respondent’s physical problems, financial difficulties and separation from his wife. See Standards for Imposing Lawyer Discipline § 9.32 (1986).
After considering respondent’s proved misconduct along with the aggravating and mitigating factors, we conclude that respondent should be suspended for thirty months, with readmission conditioned upon respondent’s refunding to the client the sum of $2,000, which represents the difference between the amount the client advanced for services in the matters neglected by respondent or furnished to respondent as a loan and the reasonable value of the services shown by the sparse evidence presented by respondent.[6]
*859 Accordingly, it is ordered that respondent be suspended from the practice of law for thirty months from the date of finality of this judgment, with readmission conditioned upon the refund to the client of the sum of $2,000. Respondent is also ordered to pay all costs of these proceedings.

. Respondent failed to appear at the investigatory hearing. Only the client and his wife testified at the hearing.

. The Code of Professional Responsibility was replaced by the Rules of Professional Conduct, effective January 1, 1987. The alleged violations in this case, except for the failure to cooperate, occurred before the effective date.
DR 6 — 101(A)(3) prohibits a lawyer from neglecting a legal matter entrused to him. DR 7 — 101(A)(2) and (3) prohibit a lawyer from failing to carry out a contract of employment entered into with a client for professional services, unless he withdraws as permitted by the Code, and from generally prejudicing or damaging his client during the course of the professional relationship. DR 1-102 contains general prohibitions against misconduct (stated in broad terms) and against violations of disciplinary rules.
The charged conduct would also be a violation of DR 9-102(B)(4), pertaining to prompt payment to the client upon request of funds the client is entitled to receive, but there was no *857 mention of that rule by number in the specifications.

. Relator was not charged in the specifications with violation of DR 5-104(A), which prohibits an attorney’s entering into a business transaction with a client when the attorney and the client have differing interests unless the client has consented after full disclosure by the attorney. Full disclosure requires the type of advice a prudent lawyer would give a client if the client consulted the lawyer regarding such a transaction with a third person. Louisiana State Bar Association v. Bosworth, 481 So.2d 567 (La.1986), which involved an attorney’s borrowing money from a client.

. Respondent was subject to other sanctions because of his failure to respond to the subpoena. See Articles of Incorporation of the Louisiana State Bar Association, art. XV, § 3, which authorizes the Committee to obtain subpoenas and to institute contempt proceedings.

. As of the date of argument the Bar Association has no record of a refund.

. The author notes his belief that resolution of fee disputes is generally inappropriate in disciplinary proceedings. The present decision does not purport to resolve the fee dispute between respondent and his client, but merely fixes the minimum amount, based on the evidence in this record, which respondent must refund in order to obtain readmission to the bar. The judgment in this case does not preclude either party from asserting a claim in a civil action for a further refund or for an additional amount of fee.