DISCIPLINARY PROCEEDING
CALOGERO, Justice.
This is a bar discipline matter, the second such case against this respondent. The instant case involves a series of offenses which took place more or less concurrently with two serious commingling offenses for which respondent was suspended for three years from the practice of law. In LSBA v. Riley, 500 So.2d 753 (La.1987), the Court found Michael J. Riley, Sr., guilty of two specifications of misconduct, both involving commingling and conversion of clients’ funds.[1] In light of the gravity of those offenses and the mitigating circumstances,[2] the Court, in a divided opinion, suspended Riley from the practice of law in Louisiana for three years,[3] with reinstatement conditioned upon his making full restitution of the amounts owed to the two clients. Two justices dissented, believing that Riley’s conduct merited disbarment.
The foregoing instances of misconduct occurred from 1982 through 1984. While the Committee on Professional Responsibility of the Louisiana State Bar Association was investigating these two commingling allegations, the Committee continued to receive and investigate complaints from other clients whom Riley represented and other *985 parties with whom Riley did business during the years 1982 through 1986. Those matters form the basis of the three consolidated cases now before this Court.
In the three consolidated cases, the Committee originally charged Riley with a total of nineteen specifications of misconduct. After a preliminary investigation, the Committee concluded that Riley was guilty of all but two of the charged offenses.[4] The charges on which the Committee found Riley guilty are reproduced in the appendix which is made part of this opinion but which will not be published. Fourteen of the violations, comprising cases No. 87-B-2002 and No. 87-B-2727, relate to Riley’s conduct prior to the effective date of his suspension on January 26, 1987; they involve seven clients and two third parties. Three violations, comprising ease No. 89-B-1459, concern Riley’s conduct after the effective date of his suspension. These latter charges involve allegations that Riley practiced law in violation of his suspension.
Two of these consolidated cases, 87-B-2002 and 87-B-2727, reached this Court in a routine fashion in compliance with all procedures set forth in Article XV, Section 6 of the Articles of Incorporation of the Louisiana State Bar Association, including the appointment of a Commissioner and the submission of a Commissioner’s report to this Court. The third ease, 89-B-1459, came up by a shorter route. The Committee completed its investigation and hearing, found Riley guilty by unanimous vote of three specifications of misconduct, and filed a petition for disciplinary action based on those specifications. Thereafter, utilizing a streamlined procedure first sanctioned by this Court in LSBA v. Marinello, 523 So.2d 838 (La.1988), Riley filed a motion to waive the appointment of a Commissioner and a Commissioner’s hearing. The Committee urged the Court to grant Riley’s motion. As in Marinello, the Committee filed a transcript of its investigatory hearing and the parties submitted other evidence. We granted the motion for consolidation and waiver. We note, however, that, unlike Marinello, Riley did not at that time stipulate to his guilt to the charges in 89-B-1459. In retrospect, we should not have permitted, on motion of respondent and with the Committee’s concurrence, waiver of the appointment of a Commissioner, nor granted consolidation in the absence of a stipulation to the facts or to the respondent’s guilt, even though consolidation has been beneficial in expediting these matters. In any event, we find no need to decide whether Riley is guilty of the three charges contained in 89-B-1459 because we decide this case, and the appropriate discipline, based on the charges investigated by the Commissioner and contained in cases 87-B-2002 and 87-B-2727.
Additionally we note that, responsive to the charges contained in cases 87-B-2002 and 87-B-2727, and to the complaints which now comprise case 89-B-1459, Riley submitted to voluntary disbarment on February 22, 1988.[5] In his petition to surrender his license, Riley acknowledged that the facts and allegations in cases 87-B-2002 and 87-B-2727 and in the complaints comprising case 89-B-1459 were essentially true and correct.[6] On March 17, 1988, *986 the Court granted Riley’s request and ordered him disbarred by consent.
Approximately nine months later, on December 22, 1988, Riley moved the Court to set aside its disbarment order. He alleged that, at the time of filing his February 1988 petition, he “suffered from a mental incapacity” and was unable “to understand the proceeding against him or to meaningfully assist in his own defense.” Riley alleged that his act of filing a petition to resign was not knowing or voluntary. As proof of these contentions, he submitted the affidavit of Dr. Doris LeBlanc, a clinical psychiatrist, in which she stated that at the time of his petition to resign, Riley “was mentally irresponsible and/or irrational to such an extent as to prevent reasonable appreciation and/or choices, relating to what was taking place.” The Court, with less than a unanimous vote, granted Riley's motion, set aside his disbarment by consent, and remanded all matters to the Committee. LSBA v. Riley, 536 So.2d 425 (La.1989).
As already noted, this Court appointed a Commissioner to investigate the fourteen pre-suspension charges comprising cases 87-B-2002 and 87-B-2727. The Commissioner found clear and convincing evidence that Riley committed thirteen of the fourteen alleged specifications of misconduct. The Commissioner concluded that, in seven instances, Riley neglected the legal affairs of his clients and committed other acts of misconduct in the representation of those clients; that, in five instances, Riley failed to cooperate with the Committee’s investigations; and that, in one instance, Riley issued a $2,500.00 worthless check to an expert witness and did not make good on the obligation. Based on his investigations in cases 87-B-2002 and 87-B-2727, the Commissioner has concluded that these acts merit disbarment. The Committee concurs in this conclusion.
After reviewing the hearing transcript of the Commissioner and other evidence assembled by the Committee, we find that the Commissioner was correct in concluding that the respondent’s conduct merits disbarment. We quote the Commissioner’s summary of the thirteen instances of misconduct upon which the Commissioner recommends disbarment:
[H]e limited representation without consulting with or advising his clients in three cases ...; he abandoned his clients in two cases without notifying them or helping them obtain new counsel or returning to them the necessary documentation to make an enlightened decision to proceed.... In one case, he refused to follow the directions of his client without informing her and took her money and failed to account for it.... In another case, he settled the case without the knowledge or approval of the client, kept the proceeds of the settlement and never accounted for it. In one other case, he dealt with his creditor dishonestly by taking services from him and issuing an NSF check.... In the [latter] case, the check was issued for services rendered by an out-of-state medical expert whose services were contracted by respondent in his representative position as an attorney in a case before the Courts of Louisiana.
[[Image here]]
The activities of respondent range from dishonesty to conversion of funds, neglect of duty, abandonment of clients, making misrepresentations to the Committee on Professional Responsibility and •otherwise failing to cooperate with the Committee on Professional Responsibility over the period of 1982 through 1987.
We were impressed with mitigating personal and financial circumstances when we ordered Riley merely suspended in 1987 for the two commingling offenses. Conversely, we are now constrained by evidence of aggravating circumstances. We see now a pattern of neglecting clients’ legal affairs, misusing funds intended for clients, and refusing to cooperate with the Committee’s investigations. Many, if not all, of the current offenses are serious. Had these new matters been before us in 1987, they would surely have prompted a majority of *987 this Court to disbar Riley at that time. Furthermore, the record indicates that Riley did not obtain the psychotherapeutic treatment recommended in July 1986 by a clinical social worker. Yet, in December of 1988, Riley asserted again to the Court that his mental or emotional condition in February 1988 had rendered him unable to act in his own best interest or to understand his voluntary petition for disbarment.
As we noted in LSBA v. Schmidt, 506 So.2d 1186, 1190 (La.1987), “[t]he purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession and to deter other lawyers from engaging in violations” of the applicable disciplinary standards. The measure of discipline imposed will depend on the facts of each case and the seriousness of the offense involved. When imposing discipline, the Court will consider both mitigating and aggravating circumstances. In determining the appropriate discipline in this ease, we take into account, as an aggravating circumstance, respondent's prior disciplinary offenses. In Riley’s case, his prior disciplinary offenses consist of the two acts of commingling for which he is currently under suspension.
Riley’s current offenses include three occasions on which he has taken fees ranging from $1,200.00 to $1,500.00 from a client, filed suit on the client’s behalf, and then abandoned the proceedings in such a manner that the case was dismissed. On each of these occasions, Riley failed to communicate with the client concerning his actions or to obtain the client’s consent. On two other occasions, he agreed to represent clients, one on a contingency basis and one for a $310.00 fee, then failed to pursue the representation and neglected in each case to communicate with the clients regarding his inaction. In one instance, he accepted a $1,200.00 fee, failed to appear for an administrative hearing as agreed upon with his client, and then, without authorization, filed suit on her behalf in federal court. In that suit, the client was later cast in judgment along with respondent for the defendant’s attorneys fees. Upon filing a motion in proper person, the client was relieved by the court of that judgment.
It is misconduct for a Lawyer to neglect a legal matter entrusted to him. DR 6-101(A)(3); LSBA v. Dumaine, 538 So.2d 270 (La.1989); LSBA v. Lyons, 491 So.2d 369 (La.1986); LSBA v. McGovern, 481 So.2d 574 (La.1986). Further, it is misconduct for a lawyer to prejudice the legal interests of his clients or to fail to carry out a contract entered with a client for provision of professional services. DR 7-101(A)(2), (3).[7] In these six cases, Riley is guilty of violating these precepts.
In addition to the foregoing cases, Riley also settled a client’s claim without first advising the client of the settlement offer or discussing the matter with her. He accepted a check in the amount of $8,462.38 from an insurance company on the client’s behalf, failed to deposit the funds into a segregated trust account, and failed to account to the client for the funds. He has never furnished any portion of the settlement to the client nor has he attempted to return the funds to the insurance company. In the latter instance, even if the client, now represented by other counsel, is not bound by the settlement, perhaps because she did not sign a release, the return of the funds to the insurance company was, and is, imperative.
A lawyer must deposit funds paid to him on a client’s behalf into an account separate from his personal funds or accounts. DR 9-102(A). The lawyer is likewise obligated to account to the client for any funds *988 received on the client’s behalf. DR 9-102(B)(3). Riley’s mishandling of this affair, in combination with his prior acts of commingling and conversion, warrants severe disciplinary measures. Absent mitigating circumstances, such conduct alone merits disbarment. See LSBA v. Williams, 512 So.2d 404, 416 (La.1987).
In one instance, Riley’s misconduct involved a nonclient. Riley issued a $2,500.00 check to an expert witness against an account with insufficient funds. He has never made good on his obligation to this witness even though the witness subsequently sued Riley over the obligation and won a judgment against him. Riley’s conduct in this matter violates a lawyer’s obligation to refrain from engaging in illegal conduct[8] or conduct involving dishonesty, fraud, deceit, or misrepresentation or any other conduct that reflects adversely on his fitness to practice law. DR 1-102(A)(3), (4), (6).
In addition to the above enumerated acts of misconduct, Riley failed to cooperate with the Committee’s investigations. In one instance, his failure to cooperate with the Committee falls under the Disciplinary Rules and constitutes a violation of Rule 8.4(g); in four instances, his failure to cooperate falls under the Rules of Professional Conduct and violates DR 1-102(A)(1), (5), (6).
Considering the aggravating circumstance of Riley’s having committed the serious commingling offenses, we find regarding cases 87-B-2002 and 87-B-2727 that respondent’s misconduct merits disbarment. Without regard to the three specifications of misconduct in case 89-B-1459, which were not the subject of a Commissioner’s report and in which the Committee alleges that Riley engaged in the practice of law in violation of his suspension,[9] respondent’s misconduct clearly demonstrates Riley’s lack of moral fitness for the practice of law. See LSBA v. Hinrichs, 486 So.2d 116 (La.1986).
In some instances, Riley has offered excuses for his misconduct, such as the rationale that by abandoning suits and thereby provoking dismissals he spared his clients from being cast in judgment for the defendants’ attorneys fees. Even if we were to find that his acts in relation to six of the seven clients described herein were minimal rather than serious, a matter which we do not concede, his single act of misappropriating the $8,462.38 settlement check, in combination with his previously discussed acts of commingling and conversion, provides sufficient grounds for disbarment at this time.
Should respondent at any point hereafter apply for readmission, the matter of restitution, as ordered in LSBA v. Riley, supra, and of possible restitution in any matters reviewed in this case, will be an appropriate subject of inquiry by the Committee at that time.
DECREE
For the reasons assigned it is ordered, adjudged and decreed that the name of Michael J. Riley, Sr., be stricken from the roll of attorneys authorized to practice law in this state and that respondent’s license to practice law in Louisiana be revoked and cancelled at his cost.
DISBARMENT ORDERED.

. In both specifications of misconduct, the Court found Riley guilty of commingling and conversion of clients’ funds in violation of DR 9-102. In one matter, the Court additionally found that Riley violated DR 6—101(A)(3), neglecting a legal matter entrusted to him; DR 7-101(A), failing to seek the lawful objectives of his client through reasonably available means, failing to carry out a contract of employment entered into with a client, and prejudicing or damaging his client during the course of the professional relationship; and DR 1-102(A)(5), (6), engaging in conduct prejudicial to the administration of justice and other conduct that reflects adversely on his fitness to practice law. In the other matter, the Court found that Riley engaged in conduct involving dishonesty, fraud, deceit and misrepresentation in violation of DR 1-102(A)(4) and engaged in conduct prejudicial to the administration of justice in violation of DR 1-102(A)(5).

. Riley presented evidence that he was undergoing marital and financial problems at the time that the comminglings and conversions occurred. A clinical social worker testified by affidavit that, at the relevant times, Riley was agitated, depressed, and undergoing personal and professional stress and "burn-out.”

. The decision suspending Riley was rendered on January 12, 1987 and became definitive on January 26, 1987. The suspension will expire on January 26, 1990.

. In case No. 87-B-2002, the Committee charged Riley with ten specifications of misconduct; by majority vote, the Committee found Riley guilty of eight of those charges. In case No. 87-B-2727, the Committee charged Riley with six specifications of misconduct; by unanimous vote, the Committee found Riley guilty of all six charges. In case No. 89-B-1459, the Committee charged Riley with three specifications of misconduct and found Riley guilty of all three charges by unanimous vote..

. At the time that Riley filed his petition for voluntary disbarment, the Committee had not yet investigated the complaints comprising case 89-B-1459. After Riley's voluntary disbarment was set aside, the Committee conducted a formal investigation and hearing on these complaints and formally brought these matters before this Court as case 89-B-1459 by filing a petition for disciplinary action.

.Riley’s petition stated:
Respondent, Michael J. Riley, Sr., at this time avers that all of the facts, as set forth by the Louisiana State Bar Association in these matters are true and correct.... Specifically, Michael J. Riley, Sr. avers that the facts and allegations contained in the Petitions for Disciplinary Action in matters 87-B-2002 and 87-B-2727 are true and correct. Michael J. *986 Riley, Sr., further avers that the facts and allegations set forth in the complaint in file 9322 (now case 89-B-1459) are essentially true and correct...."

. Although Riley’s pre-1987 actions must be judged according to the standards set forth in the Disciplinary Rules of the Code of Professional Responsibility of the LSBA, the same principles apply under the Rules of Professional Conduct, adopted by the LSBA effective January 1, 1987. Those rules provide:
A lawyer shall provide competent representation to a client. Competent representation requires a legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation. Rule 1.1(a).
A lawyer may limit the objectives of the representation if the client consents after consultation. Rule 1.2(b).
A lawyer shall act with reasonable diligence and promptness in representing a client. Rule 1.3.

. The issuance of a worthless check of $500 or more is a felony under Louisiana law. See La.R.S. 14:71.

. See the appendix for a description of the charges in 89-B-1459.