DISCIPLINARY PROCEEDINGS
PER CURIAM.
We consider here the recommendation of the Disciplinary Board of the Louisiana State Bar Association that Robert F. Monahan, who was admitted to practice law in the State of Louisiana in October of 1985, be disbarred because of violations our Rules of Professional Conduct.
On March 30, 1992, following a guilty plea in the United States District Court, Middle District of Louisiana, Robert F. Monahan was convicted of one count of aiding and abetting another to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). And, on June 15, 1992, he was convicted of one count of engaging in a transaction involving the proceeds of a drug offense in violation of La.Rev.Stat. § 40:1049 D, after he pled guilty in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. Both convictions arose from a single factual circumstance. A captain with the East Baton Rouge Sheriff’s Office testified in federal court concerning the facts which led to the charges as follows:
Before August 19, 1991, Robert Mona-han began to participate with others in the possession and distribution of controlled substances. In August of 1991, Robert Monahan contacted an individual for the purposes of determining whether or not that individual had the monies for approximately a quarter kilogram of cocaine.
Upon being informed by that individual that the sale had been completed, Mona-han instructed this individual to bring the cash proceeds of approximately seven thousand, two hundred dollars from this sale to Monahan’s office. When the individual arrived at Monahan’s office he was brought into the office and asked to put the money on the table. Monahan informed this individual that he would be meeting with the source of this individual’s cocaine and would deliver the money from the sale of the quarter kilogram of cocaine to the source at a time.
Mr. Monahan was aware that the cocaine was being distributed. He knowingly and willfully associated himself with the process of distributing the cocaine at a minimum by knowingly giving the proceeds to another who he knew to be directly involved in the distribution process.
As a result of the guilty pleas in state and federal court, concurrent sentences of 33 months,_jjto be followed by 3 years supervised probation, were imposed. The conviction of serious criminal conduct involved a violation of Rule 8.4(b) of the Rules of Professional Conduct.
*642 In December of 1989, Monahan was retained by Mamie Scott to represent her grandson, Myles Men, in the appeal of his criminal conviction for second degree murder. Although Monahan filed a motion to substitute counsel, a motion for an out of time appeal, which was granted, and determined the costs of appeal from the clerk of court, he did not complete the appeal. In fact, according to Ms. Scott, Monahan did not meet with her emotionally disturbed grandson (a matter which the attorney disputes), and refused to answer her calls or to meet with her about the progress of the appeal. Furthermore, he did not refund the advance fee of $1500.00 until the Office of the Disciplinary Counsel became involved in the matter. This conduct involving the failure to complete an appeal, failing to properly inform a client, failing to account for the fee paid and failing to refund the unearned portion of the fee violated Rules 1.3, 1.4, 1.15, 1.16(d), and 8.4(a) and (c) of the Rules of Professional Conduct.
Although Monahan was served with a subpoena to appear before the Disciplinary Counsel on December 19, 1991 to testify and to produce the file and financial records in the investigation into the complaint filed against him by Myles Men, the attorney did not appear at either this date or two rescheduled dates in January of 1992. While Monahan claims to have produced the Men file, a grand jury subpoena for his court calendars, telephone records and office receipts had been issued with regard to a narcotics investigation so that his financial records purportedly could not be produced. Having failed, neglected, or refused to appear, Monahan was deemed by the Disciplinary Counsel to have obstructed its access to evidence, disobeyed an obligation under the rules of the tribunal, failed to cooperate in a disciplinary investigation, and engaged in conduct prejudicial to the administration of justice in violation of Rules 3.4(a)(e), 8.1(b)(c), and 8.4(a)(d)(g) of the Rules of Professional Conduct.
Monahan cites other decisions of this Court, Louisiana State Bar Association v. Porterfield, 550 So.2d 584 (La.1989), Louisiana State Bar Association v. Carpenter, 553 So.2d 855 (La.1989), and In re Harrington, 608 So.2d 631 (La.1992), in which a suspension or public reprimand, rather than disbarment, was imposed. Mhough the infraction in Porterfield did involve contraband, the Court found several mitigating factors, Isincluding the fact that, pursuant to the provisions of La.Code Crim.Proe. art. 893 (West 19), the trial court set aside his conviction. In Carpenter, the respondent was suspended for a period of thirty months after he performed minimal legal services for a client in a criminal matter and did not refund any of the advanced fee. However, his readmission was conditioned on a refund to the client. While the respondent in Harrington was only publicly reprimanded for his failure to cooperate with a disciplinary investigation, the Court noted that his actions caused no harm to his client, that he may have been confused by three simultaneous disciplinary proceedings, and that he did ultimately cooperate with the investigation. Furthermore, the discipline imposed in each of these matter involved only one of the violations of the Rules of Professional Conduct with which Monahan is charged.
Upon review of the record of the Disciplinary Board’s findings and recommendations, and the record filed herein, which, because of his neglect, lacked the Respondent’s sworn testimony or other evidence regarding mitigating factors, it is the decision of this Court that the Disciplinary Board’s recommendations be adopted.
Accordingly, it is ordered that the name of Robert F. Monahan be stricken from the roll of attorneys and his right to practice law in the state of Louisiana revoked.
It is further ordered that his disbarment be effective as of September 4,1992, the date of his interim suspension.
DISBARMENT ORDERED.
DENNIS, J., not on panel.