hPER CURIAM.*
This matter involves an application for reinstatement filed by a disbarred attorney. For the reasons which follow, petitioner’s application is denied.
FACTS
Petitioner, Michael J. Riley, was suspended for three years by order of this Court on January 12, 1987. LSBA v. Riley, 500 So.2d 753 (La.1987). The misconduct which gave rise to petitioner’s suspension involved his commingling and conversion of client funds and failure to repay money owed to United States Fidelity and Guaranty Insurance (USF & G) on behalf of one of his clients. In addition to imposition of the suspension, this Court ordered that petitioner provide proof of full restitution of the amounts owed as a condition of reinstatement.
Three years after the suspension, petitioner was disbarred by order of this court dated *866 January 19, 1990. LSBA v. Riley, 555 So.2d 984 (La.1990). The misconduct giving rise to his disbarment involved a series of offenses which took place more or less concurrently with the offenses for which petitioner was suspended in 1987 and involved seven of petitioner’s clients and two non-client third parties. Petitioner was disbarred for neglecting legal matters entrusted to him, failing to cooperate with the investigation of the Committee on Professional Responsibility of the Louisiana State Bar Association, issuing a worthless check to an expert witness, improperly taking money from clients, filing suit on behalf of clients and later abandoning those suits and causing their dismissal. In the order disbarring petitioner, this Court noted that if he should ever apply for readmission, the matter of restitution would be an appropriate subject of inquiry by the committee at that time. Id. at 988.
Petitioner’s petition for readmission in the case sub judice was filed on February 16, 1994. Disciplinary Counsel opposed the petition, and a hearing was held before a hearing committee on June 28, 1994 in New Orleans. The hearing committee’s report, dated August 9, 1994, and the disciplinary board’s report, dated November 4, 1994, both recommend that ^petitioner’s application for reinstatement be denied.
ANALYSIS
Section 24(E) of Louisiana Supreme Court Rule 19 sets forth the applicable criteria for reinstatement and readmission. A lawyer seeking reinstatement or readmission must satisfy each criteria in that rule or present a good and sufficient reason why the lawyer should nevertheless be reinstated or readmitted. Rule 19, § 24(E)(1) requires that a lawyer cannot be reinstated unless he has fully complied with the terms and conditions of all prior disciplinary orders unless those orders have been abated.
The record in this case indicates that petitioner has failed to make a good faith effort at restitution to all of the victims of the misconduct for which he was suspended in 1987. Because this failure is sufficient under Rule 19 to disqualify petitioner from being reinstated at this time, we need not address the issue of whether petitioner has satisfied Rule 19’s other requirements.
Accordingly, upon review of the record of the disciplinary board’s findings and recommendations, and considering the transcript, record," and briefs, it is the decision of this Court that Michael J. Riley’s petition for readmission be denied at this time for failure to comply with this Court’s previous order of January 12, 1987. Petitioner may re-apply once he has satisfied all of Rule 19’s criteria for reinstatement and readmission.

 Victory, J., not on panel. Rule IV, Part 2, § 3.