ATTORNEY DISCIPLINARY PROCEEDINGS

hPER CURIAM. *
This attorney disciplinary proceeding arises from eight counts of formal charges instituted by the Office of Disciplinary Counsel (“ODC”) against respondent, Norwood M. Lyons, an attorney licensed to practice law in the State of Louisiana. The charges allege violations of Rules 1.1(a) (lack of competence), 1.3 (lack of due diligence), 1.4 (failure to comply with reasonable requests for information), 1.15 (failure to refund client fees), 1.16(d) (failure to properly terminate representation to protect client interests), 3.4(c) (disobedience of obligation under court rules), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violating the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving deceit, dishonesty, fraud or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), 8.4(g) (failure to cooperate with the ODC) of the Rules of Professional Conduct; and Supreme Court Rule XIX, § 9(c) (failure to respond to a disciplinary authority).
UNDERLYING FACTS

Counts I & II

The record indicates that, in late 1995 or early 1996, Louis Landreneau consulted respondent concerning a succession matter. Mr. Landreneau turned over his entire file to the respondent for review; however, respondent ultimately decided not to retain respondent. Despite repeated demands, the respondent failed to return the file to Mr. Landreneau or his new counsel.
Subsequently, Mr. Landreneau filed a complaint with the ODC against respondent. Respondent failed to comply with the ODC’s request for information regarding the eom- *999 plaint, requiring the ODC to issue a subpoena mandating his cooperation.

bCounts III & IV

In June of 1995, Ralph Olivier retained respondent to handle a property tax matter. Mr. Olivier paid respondent a fee of $500 to file suit on his behalf. Thereafter, respondent failed to file suit or perform any meaningful work on the ease, failed to communicate with Mr. Olivier and intentionally misled Mr. Olivier about the status of the case. After being discharged by Mr. Olivier, respondent failed to return the file or refund the unearned fee.
Subsequently, Mr. Olivier filed a complaint with the ODC against respondent. Respondent failed to comply with the ODC’s request for information regarding the complaint, requiring the ODC to issue a subpoena mandating his cooperation.

Counts V & VI

In January, 1993, Dorothy Broussard retained respondent to represent her son in a bankruptcy matter, and paid respondent a total of $300 in advance fees and expenses. Thereafter, respondent neglected to file the bankruptcy, failed to communicate with the client, intentionally misled the client about the status of the ease and commingled and converted the advance fees to his own use. Following discharge by the client, respondent failed to return the client’s file or refund the unearned legal fee.
Subsequently, Ms. Broussard filed a complaint with the ODC against respondent. Respondent failed to comply with the ODC’s request for information regarding the complaint, requiring the ODC to issue a subpoena mandating his cooperation.

Counts VII & VIII

In April 1993, James Guidry retained respondent to appeal a ruling in a worker’s compensation proceeding and paid respondent $300 in advance fees. Respondent failed to timely file the appeal, which resulted in the matter being dismissed. Additionally, respondent failed to properly communicate with the client and intentionally misled him about the status of the ease.
Subsequently, Mr. Guidry a complaint with the ODC against respondent. Respondent failed to comply with the ODC’s request for information regarding the complaint, requiring the ODC to issue a subpoena mandating his cooperation.
faDISCIPLINARY PROCEEDINGS
After the complaints were filed, the ODC conducted an investigation. Respondent appeared pursuant to a subpoena and gave brief sworn statements with regard to each count, in which he essentially admitted to the misconduct.[1] Subsequently, the ODC instituted formal charges against respondent. He failed to file an answer to the charges. As a result, pursuant to Supreme Court Rule XIX, § 11(E)(3), no formal hearing was held, but the parties were allowed to present documentary evidence on the issue of sanctions. The ODC submitted its evidence in support of the charges seeking imposition of disbarment. Respondent failed to present any evidence.
Thereafter, the hearing committee filed its report with the disciplinary board. The committee determined the baseline sanction for respondent’s conduct was disbarment.[2] It also recognized the presence of several aggravating factors: prior discipline, indiffer *1000 ence to making restitution, prior misconduct,[3] multiple offenses, obstruction of a disciplinary proceeding and vulnerability of the victims. In mitigation, the committee noted “incapacity due to suspected unidentified pathological process” and remorse.
While acknowledging that a harsher sanction might be applicable in this matter, the committee determined disbarment “would not serve as the incentive necessary for the respondent to rehabilitate himself.” Instead, the committee recommended the respondent be suspended from practice for a period of two years, followed by a three year probation with conditions to reinstatement.
tjThe ODC filed objections to this recommendation, and the matter was submitted to the disciplinary board, which issued its recommendation to this court. The disciplinary board found the hearing committee erred in deviating from the baseline sanction of disbarment. In support, it found the record supported a finding of at least six aggravating factors.[4] By contrast, it found little support in the record for the mitigating factors identified by the hearing committee.
Although the committee identified remorse as a mitigating factor, the board pointed out respondent never made restitution to his victims and, in his sworn statement taken by the ODC after a subpoena was issued for his appearance, stated he had “no excuses whatsoever” for his conduct. Moreover, it noted that while respondent offered to return his clients’ fees and files, respondent never followed through on this offer. The board concluded this conduct reflected “anything but remorse.”
As to the mitigating factor of mental incapacity, the board found the only evidence in the record of such a condition was a brief reference in respondent’s statement to the ODC.[5] It found there was no other mention in the record of this condition. Accordingly, the board refused to consider mental incapacity in mitigation.
Based on these facts, the board recommended that respondent be disbarred from practice and ordered to make full restitution to his clients.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
The record supports the findings of fact made by the hearing committee that respondent failed to communicate with his clients, neglected legal matters, converted client funds and failed to cooperate with the ODC. There are several aggravating factors present, the most significant of which is respondent’s prior two year suspension from the practice of law by this court for similar misconduct. While the committee found the existence of two mitigating factors, bwe agree with the disciplinary board’s conclusion that neither factor is supported by the record.
Accordingly, disbarment is the appropriate sanction under the facts of this case.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Norwood M. Lyons be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. It is further ordered that respondent make full restitution to all complainants in this matter. All costs in this matter are assessed against respondent with legal interest to commence thirty *1001 days from the date of the finality of this court’s judgment until paid.

 Calogero, C.J. not on panel. Rule IV, Part II, § 3.

. As mitigating factors, respondent stated he had been "despondent” due to financial and medical problems. He also indicated he had "mental problems.”

. In support, the committee relied on ABA'Standard 4.11 ("[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client”); Standard 4.41(c) ("[djisbarment is generally appropriate when a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client”); Standard 7.1 ("[d]isbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system”); and Standard 8.1(b) ("[d]isbarment is generally appropriate when a lawyer has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further similar acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession").

.In 1986, the respondent was suspended from practice for two years for three counts of misconduct similar to that charged in the instant case, specifically, for neglecting three legal matters and lying to two clients. Louisiana State Bar Ass'n v. Lyons, 491 So.2d 369 (La.1986). The events giving rise to the instant proceeding began about five years after respondent was readmitted to practice.

. In addition to the factors identified by the committee, the board also noted that respondent had substantial experience in the practice of law, having been admitted to the bar in 1961.

. Respondent stated:
I have mental problems evidently. I mean, I don't know, I’m not a psychiatrist or anything. I’ve had these problems for many years.