PER CURIAM
This proceeding arises out of an application for readmission to the practice of law filed by petitioner, Michael J. Riley, Sr., a disbarred attorney.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In 1987, petitioner was suspended from the practice of law for three years. Louisiana State Bar Ass'n v. Riley , 500 So.2d 753 (La. 1987). He was disbarred in 1990. Louisiana State Bar Ass'n v. Riley , 555 So.2d 984 (La. 1990).
In November 2016, petitioner filed the instant application for readmission with the disciplinary board, alleging he has complied with the readmission criteria set forth in Supreme Court Rule XIX, § 24(E). The Office of Disciplinary Counsel ("ODC") filed an objection to petitioner's application. The matter was then referred for a formal hearing before a hearing committee. Following the hearing, the committee recommended that petitioner be readmitted to the practice of law, subject to a period of probation with conditions.
Neither petitioner nor the ODC objected to the hearing committee's recommendation. However, on our own motion, we ordered the parties to file briefs addressing whether petitioner has the requisite competence, honesty, and integrity to be readmitted to the practice of law. Both parties submitted briefs in accordance with the court's order.
DISCUSSION
After considering the record in its entirety, we will adopt the committee's recommendation and readmit petitioner to the practice of law. Nevertheless, further precautions are warranted to insure that the public will be protected upon petitioner's return to practice. See Supreme Court Rule XIX, § 24(J).
Accordingly, we will order that petitioner be conditionally readmitted to the practice of law, subject to a two-year period of probation governed by the following conditions:
1. During the probationary period, petitioner shall pay restitution to his former client, Dallas Miller, in the amount of $10,000, plus legal interest. Petitioner shall provide evidence of such payments to the ODC on at least a quarterly basis.
2. During the probationary period, petitioner shall only be employed by a government agency or shall associate with an established group of practitioners. Petitioner shall have an affirmative obligation to notify the ODC within ten days should he change his employment.
3. Petitioner shall enroll in and successfully complete the Louisiana State Bar Association's Ethics School.
4. Petitioner shall participate in an approved law office management seminar.
5. Petitioner shall cooperate with the ODC, and shall comply with any and all requirements imposed upon him by the ODC.
*538 Should petitioner fail to comply with these conditions, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated immediately, or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate.
DECREE
Upon review of the recommendation of the hearing committee, and considering the record and the briefs of the parties, it is ordered that Michael J. Riley, Sr., Louisiana Bar Roll number 11274, be immediately readmitted to the practice of law in Louisiana, subject to a two-year period of unsupervised probation governed by the conditions set forth herein. The probationary period shall commence from the date petitioner and the ODC execute a formal probation plan. Should petitioner fail to comply with the conditions of probation, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated immediately, or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate. All costs of these proceedings are assessed against petitioner.
WEIMER, J., dissents and would deny readmission.
GUIDRY, J., dissents and would deny readmission.
CLARK, J., would deny readmission and assigns reasons.