*741 DISCIPLINARY PROCEEDINGS
1 PER CURIAM *.
Respondent, Cazeline Hebert Dixon, was formally charged with several violations of the Rules of Professional Conduct, specifically for the following conduct. Ms. Dixon negligently permitted her client’s cause of action to prescribe by failing to file suit, in violation of Rule 1.3, which requires lawyers to act with diligence on behalf of their clients. Ms. Dixon subsequently did not inform her client that the suit was prescribed until three months after this occurred, in violation of Rule 1.4 governing communication with clients. When she informed her client that the suit could no longer be brought, Ms. Dixon offered to pay the client’s medical bills and to settle the matter with her; Ms. Dixon did not, however, advise her client to seek advice from other counsel because a conflict of interest was presented by Ms. Dixon’s obvious stake in the matter, a violation of Rule 1.7(b). Moreover, the offer prospectively limited Ms. Dixon’s liability for malpractice to her client, in violation of Rule 1.8(h). Ms. Dixon subsequently failed to pay her client’s medical bills or make any payments to her client, suggesting Ms. Dixon’s violation of Rule 8.4(a), (c) by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. In a subsequent civil action brought by the client and her husband against Ms. Dixon, a default judgment in the amount of $7,991.68, plus legal interest and costs was entered against Ms. Dixon, which remains unpaid. Ms. Dixon has subsequently filed for Chapter 7 bankruptcy, and the judgment is listed as an undischarged debt.
Both the hearing committee and the disciplinary board recommended that respondent be suspended from the practice of law for a period of eighteen months, with the sentence deferred for a |2two-year probationary period, conditioned inter alia on Ms. Dixon’s full satisfaction of the judgment in the civil suit against Ms. Dixon. Upon review of the record of the disciplinary board’s findings and recommendations, and considering the transcript, record, briefs and oral argument, it is the decision of the court that the disciplinary board’s recommendation be adopted. Deferment of Ms. Dixon’s suspension shall be subject to the following probation conditions:
1. Walter R. Rrousel, Jr., Suite 1, Krous-el Building, 4831 North Blvd., Baton Rouge, LA 70896, is named as the restitution probation monitor for Cazeline Hebert Dixon regarding the monthly payment of restitution to Gracie Lewis Clark. Mr. Krousel is to provide the Office of Disciplinary Counsel with Quarterly Reports during the two-year probationary period as to the status of the restitution payments.
2. Ms. Dixon shall not violate the Rules of Professional Conduct.
3. Ms. Dixon shall promptly and timely pay all bar dues and disciplinary assessments and promptly file her registration statement.
4. Ms. Dixon shall take the required number of CLE credits and promptly comply with any and all CLE reporting requirements.
6. Ms. Dixon shall fully and completely respond to any complaints filed with the Office of Disciplinary Counsel within 15 days of her receipt of such complaints.
*742 6. If during the two-year probationary period, Ms. Dixon leaves the employ of the Louisiana Department of Social Services and returns to the private practice of law, "within 30 days of such departure she shall comply with the following conditions:
(a) She shall maintain professional malpractice liability insurance.
(b) She shall engage the services of an attorney with more than 10 years legal experience as a probation monitor who will supervise her cases during probationary period and will assist Ms. Dixon in development and use of internal controls and systems for the management of her cases, including the answering of correspondence and inquiries from clients as well as meeting deadlines. The probation monitor should be a member of the bar in good standing, who is acceptable to Disciplinary Counsel.
(c) The probation monitor is to provide a compliance report regarding the above two conditions related to Respondent’s private practice to the Office of Disciplinary Counsel, every three months from his or her selection as probation monitor until the end of the 2-year probationary period.
7. Any violation of the terms of this probation shall be heard by the Disciplinary Board, using whatever procedure they deem to be appropriate and reported to the Court by the Disciplinary Board, along with their recommendation |3that the probation be revoked and Ms. Dixon returned to suspended status, or whatever recommendation that the Board deems appropriate.
8. Ms. Dixon shall pay all costs of these proceedings.
IT IS SO ORDERED.

 Marcus, J., not on panel. Rule IV, Part 2, § 3.