hPER CURIAM *.
Respondent Troy G. Broussard was formally charged with failing to timely file suit in a client’s personal injury matter and intentionally withholding this information from the client. Further, Respondent falsely informed his client that her claim had settled and he distributed settlement funds in accordance with a false settlement disbursement accounting. Respondent also falsely informed his client that an outstanding chiropractor’s bill would be paid out of the purported settlement. Respondent was charged with violating Rules 1.3,1.4,1.7(b), 1.8(h) and 8.4(a)(c) of the Rules of Professional Conduct.
Respondent filed a Motion for Consent Discipline in which Disciplinary Counsel and the Hearing Committee concurred. However, the Disciplinary Board disagreed, and referred the matter to a second Hearing Committee. After a hearing, the Hearing Committee recommended suspension of one year and one day to be deferred subject to two years of supervised probation, monitored by attorney David Hilleren who will provide written reports quarterly; a requirement to attend five extra Continuing Legal Education ethics hours each year of probation; and performance of 100 hours pro bono service per each year of probation. The Disciplinary Board adopted the recommendations of the Hearing Committee, with the exception that the Board did not recommend the imposition of 100 hours of pro bono work for each year of the probationary period.
Upon review of the record of the Disciplinary Board’s findings and recommendations, and the record filed herein, it is the decision of the Court that the Disciplinary Board’s recommendations be adopted.
| ^Accordingly, it is ordered that Respondent Troy G. Broussard be suspended from the practice of law for a year and a day, effective the date of this Order, with imposition thereof, however, to be deferred subject to the following conditions: (1) two years of supervised probation, during which time Respondent’s practice shall be monitored by attorney David Hilleren, who will report in writing on a quarterly basis to the Office of Disciplinary Counsel, documenting the accomplishment of the terms and conditions of the probation; and (2) Respondent shall at *819 tend five extra ethics Continuing Legal Education hours during each year of probation,
SUSPENSION ORDERED.
DENNIS, J., would docket for argument.
LEMMON, J., votes to docket for argument to consider a harsher penalty.

 Kimball, J., not on panel. Rule IV, Part 2, § 3.