liPER CURIAM*
Respondent, Paul F. Yaeger, an attorney licensed to practice law in the State of Louisiana, was formally charged by the Office of Disciplinary Counsel based on professional misconduct involving four separate clients. The matters were subsequently consolidated. It was alleged that respondent’s conduct violated Rules 1.1 (failure to provide competent representation); 1.2(b) (failure to properly document the scope of his representation); 1.3 (failing to act with reasonable diligence); 1.4(a) (failing to communicate with his client); 1.16 (failing to. surrender client file upon termination of employment); 3.2 (failure to expedite litigation); 8.1(c) (failing to cooperate with the Office of Disciplinary Counsel); 8.4(a) (violating the Rules of Professional Conduct); 8.4(c) (engaging in conduct involving dishonesty); and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.
The underlying facts indicate that one client retained respondent to represent him in a claim for personal injuries sustained in two separate automobile accidents. Respondent filed a lawsuit to interrupt prescription in one of the accidents, but let the other claim prescribe. The client also complained that respondent failed to return his telephone calls, and failed to keep him properly informed.
Another client hired respondent to represent him in a supplemental security income/disability claim before the Social Security Administration. The client indicated that respondent did not return his attempts at communication and did not keep him 12abreast of the developments in his case. Furthermore, respondent did not return the client’s file to him in order to retain another attorney until after disciplinary proceedings had been instituted.
Respondent was hired by a another client to obtain Longshoreman and Harbor Worker’s Compensation benefits. Respondent failed to return his client’s telephone calls and delayed production of his client’s case file to a successor attorney, substantially prejudicing the client’s claim and allowing it to prescribe.
Finally, respondent was retained by a fourth client for representation in a case arising from an automobile accident. The client was unable to contact the respondent, who settled the personal injury claim in December of 1993 without the Ghent’s knowledge or approval. Subsequent to the settlement, respondent delayed the payment of loans and debts that were to be paid from the settlement funds, which caused an accrual of interest and significant financial loss to the chent.
*952 Prior to the formal hearing in this matter, respondent submitted a petition for consent discipline, in which he proposed that he be suspended for a period of eighteen months, with all but three months being deferred, and that he be placed on two years supervised probation under certain conditions. The Office of Disciplinary Counsel filed a concurrence to the petition for consent discipline.
The committee approved the proposed consent discipline as an appropriate sanction. Although it found respondent’s conduct violates Rules 1.3 and 1.4 of the Rules of Profession Conduct, it noted that all of these incidents were concentrated in 1992 and 1993. It pointed out respondent has no other disciplinary record. It further recognized that respondent had taken action to restore his former clients to their previous positions and had generously settled their potential claims. Finally, the committee found that respondent accepted responsibility for his actions and inactions.
The disciplinary board agreed with the hearing committee’s findings and recommendations. It recommended adoption |3of the proposed consent discipline, noting that the sanction sought by respondent was within the range previously approved by the court, citing In re Broussard, 95-1454 (La. 9/15/95), 660 So.2d 818 (attorney was suspended for a year and a day, deferred, and placed on probation for allowing a personal injury claim to prescribe and misleading the client into believing a settlement had taken place); In re Durusau, 94-1412 (La.7/1/94), 638 So.2d 644, (attorney was suspended for a year and a day for accepting advance payments from two clients and failing to perform any legal services, misleading them into believing he properly represented their interests); and In re Crawford, 93-3148 (La.9/16/94), 643 So.2d 135 (attorney received a ninety day suspension for accepting a fee in advance to open a succession, but doing no work in the matter and refusing to surrender the file to the chent’s new attorney).
Upon review of the record of the disciplinary board’s findings and recommendations, and the record filed herein, it is the decision of this court that the petition for consent discipline be accepted. Accordingly, it is ordered that respondent be suspended from the practice of law for eighteen months, with all but three months of the suspension to be deferred. After serving the actual three month suspension, respondent is hereby placed on supervised probation for a period of two years, subject to the following conditions:
1. Respondent shall submit all operating trust accounts to his practice monitor for review on such frequency established by the probation monitor;
2. During the period of probation, if the probation monitor deems an account audit of the respondent’s operating or trust accounts necessary, the respondent is to be responsible for all costs associated with such accountings;
3. Respondent shall earn an additional three hours of continuing legal education credit in ethics above the mandatory 15 hours continuing legal education hours required by Supreme Court Rule XXX, CLE Rule 3(a);
4. Respondent shall cooperate fully with the. Office of Disciplinary Counsel in response to any complaint received against the respondent during the period of probation;
145. Respondent shall not violate the Rules of Professional Conduct during the period of probation.
6. The failure to perform in good faith the terms of probation will be the cause for an immediate action by Disciplinary Counsel to revoke the respondent’s probation, and if revoked, the entire period of active suspension shall be served, together with other discipline as may be appropriate.
Furthermore, respondent shall make immediate and complete payment of all disciplinary costs assessed against him within ten days of this court’s order.
TRAYLOR, J., dissents.

 Knoll, J., not on panel. Rule IV, Part 2, § 3.