DISCIPLINARY PROCEEDINGS
liPER CURIAM. *
This disciplinary proceeding arises from the filing of one count of formal charges against respondent, Jeffrey F. LeBlane, an attorney licensed to practice law in the State of Louisiana, for failing to act with diligence, failing to communicate with his client, misleading his client, and failing to cooperate with the Office of Disciplinary Counsel, in violation of Rules 1.1(a), 1.3, 1.4, 8.1(c) and 8.4(a) and (g) of the Rules of Professional Conduct.
The underlying facts indicate that respondent was retained to represent Sandra Starks in a personal injury action arising out of an automobile collision. On June 25, 1992, the claim was partially settled in favor of Ms. Starks for $105,000 against the other driver and his insurance carrier, with the understanding that respondent would pursue a products liability action against the manufacturer of the automobile, General Motors Corporation (“General Motors”) based on an alleged defect in the car seat. The products liability suit was filed, and depositions were taken in October and November 1992. Subsequently, General Motors made a discovery request for the allegedly defective seat, but respondent failed to produce it.[1] On May 6, 1993, General Motors filed a motion for summary judgment. Respondent did not file an opposition or attend the hearing on the motion. On July 19, 1993, summary judgment was granted in favor of General Motors, dismissing plaintiffs suit with prejudice.
Ms. Starks was never told of the dismissal by respondent, and she did not become aware of it until she went to the court |2house and obtained a copy of the docket sheet. Shortly thereafter, Ms. Starks visited respondent’s office on May 6, 1994 and he again failed to advise her of the dismissal of *379 her case. When she confronted respondent with the docket sheet, he told her he could reopen her claim and invited her to sign additional papers for that purpose.
On June 22, 1994, Ms. Starks filed a complaint with disciplinary counsel. During the investigation of the complaint, respondent failed to reply to requests for information from disciplinary counsel and later failed to respond to a subpoena served on him.
After the filing of formal charges, respondent failed to file an answer. The charges were deemed admitted and the matter was submitted to the hearing committee on documentary evidence.
Subsequently, the hearing committee issued its findings, concluding disciplinary counsel proved by uncontradicted evidence that respondent knowingly attempted to deceive his client which resulted in actual or potential injury. The committee found that respondent’s failure to cooperate in the disciplinary proceedings evidenced a contempt for the disciplinary process. As such, the committee recommended that respondent be suspended for a period of eighteen months and assessed with the costs of the proceedings.
The disciplinary board issued its findings and recommendation, in which it deviated from the committee’s recommendation as to the proposed discipline. It noted that respondent appeared at the board panel meeting, wherein he admitted to the facts, but asserted an eighteen month suspension, was excessive. Relying on Standards 4.42 and 4.52 of the ABA Standards for Imposing Lawyer Sanctions, the board concluded suspension was the appropriate baseline sanction. The board recognized the absence of a prior disciplinary record as the only mitigating factor. As aggravating factors, the board noted the presence of the respondent’s substantial experience in the practice- of law and his failure to cooperate with disciplinary counsel. After reviewing the factors, the board stated that it did not “believe Rthat readmission is necessary in this situation, and thus recommends suspending Respondent, Jeffrey P. LeBlanc, for one year.”[2] It further recommended he be assessed with all costs.
Two members of the board dissented. They proposed that the committee’s recommended eighteen month suspensión be adopted since the respondent’s conduct involved knowing deceit and a failure to cooperate with the disciplinary system.
Disciplinary counsel filed an objection in this court to the disciplinary board’s recommendation.
Based upon our review of this matter, we conclude the disciplinary board erred in rejecting the recommendation of the hearing committee. We feel the discipline recommended by the hearing committee is appropriate under the facts and is consistent with the decisions of this court in similar cases. See LSBA v. Roussel, 545 So.2d 989 (La.1989); LSBA v. Lyons, 491 So.2d 369 (La.1986). Therefore, we will adopt the recommendations of the hearing committee.

DECREE

Upon review of the hearing committee and disciplinary board findings and recommendations, and considering the record, briefs, and oral argument, it is the decision of this court that the recommendation of the hearing committee be adopted.
Accordingly, it is ordered that respondent, Jeffrey P. LeBlanc, be suspended from the practice of law for a period of eighteen months. All costs of these proceedings are assessed against respondent.

 Lemmon, J. not on panel. Rule IV, Part 2, § 3.

. The record indicates that respondent failed to comply with the discpvcry request because he was under the mistaken belief the car seat was lost. Eventually, the seat was discovered in the hands of an expert of a dismissed defendant where it had been left since the inception of the litigation.

. Pursuant to Supreme Court Rule XIX, § 23, a lawyer who has been suspended from the practice óf law for one year or less is not required to apply to the court for reinstatement.