713 So.2d 449 (1998)
In re Jeffrey LeBLANC.
No. 98-B-0800.
Supreme Court of Louisiana.
May 29, 1998.

*450 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.[*]
This attorney disciplinary proceeding arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Jeffrey LeBlanc, an attorney licensed to practice law in the State of Louisiana. The charges allege violations of Rule 1.1 (incompetence), Rule 1.3 (lack of due diligence in representation), Rule 1.4 (failure to keep client reasonably informed and comply with reasonable requests for information), Rule 8.4(a) (violating the Rules of Professional Conduct), and 8.4(c) (conduct involving fraud, deceit, dishonesty, or misrepresentation) of the Rules of Professional Conduct.

Underlying Facts
The facts are concisely set out in the hearing committee's report:
The respondent, Jeffrey P. LeBlanc, a Louisiana licensed attorney, was engaged to represent Glenna S. McCollister in connection with a real estate transaction. Ms. McCollister, along with her husband wanted to purchase property in Denham Springs, Louisiana. Her husband was employed out of the country at the time and Ms. McCollister was required to attend to many details of this Louisiana real estate transaction on her own. The record reflects that as of the date of the closing on the sale approached, the respondent failed and refused to return phone calls to her requesting information about how the sale was to be structured. She was not provided information at the time of the closing itself to many of the questions she had regarding the transaction.
Documents attached and admitted in the record revealed that the respondent in fact structured the sale of the real estate as a "lease purchase agreement" when in fact the document was a "bond for deed." In a bond for deed, Revised Statute 9:2941 requires that the mortgagee be made aware of the transaction and consent to it in advance. The record reveals that the mortgagee was never consulted.
Additionally, the record is replete with the respondent's failure to respond to inquiries made at the time of a foreclosure on the property subject to the real estate transaction as well as to inquiries by subsequent counsel representing the McCollisters.

Disciplinary Proceedings
On December 2, 1996, Ms. McCollister filed a complaint with the ODC. Respondent failed to respond to several requests by the ODC for information regarding the complaint, and failed to appear pursuant to a subpoena for a scheduled deposition.[1] On July 22, 1997, the ODC filed formal charges against respondent. Respondent failed to file an answer to the charges.
On November 19, 1997, the hearing committee filed its report with the disciplinary board. In its report, it found respondent's misconduct involved intentional misrepresentation and dishonesty directed toward his client and, as a result of this conduct, his client incurred a substantial loss. Relying on the ABA Standards for Imposing Lawyer Conduct, it noted the baseline sanction for respondent's misconduct ranged from suspension to disbarment.[2] Although it apparently *451 found no mitigating factors, the committee recognized, as an aggravating factor, that respondent was currently under a eighteen month suspension from the practice of law for similar misconduct,[3] evidencing a pattern of misconduct involving dishonesty and deceit that resulted in damage to his clients. Based on these factors, the committee recommended respondent be disbarred.
The disciplinary board agreed with the factual findings of the hearing committee. Nonetheless, the board concluded that suspension, rather than disbarment, was a more appropriate penalty under the circumstances. In support, it noted that the instant charges arose in 1993, approximately the same time as the charges resulting in the eighteen month suspension. The board pointed out that prior to this time, respondent, who had been admitted to the bar in 1981, had practiced twelve years without a complaint being filed against him. Accordingly, the board recommended that respondent be suspended from the practice of law for a period of three years, with the suspension to commence upon the finality of these proceedings. Further, it recommended respondent pay restitution to Ms. McCollister and be assessed with costs in the amount of $283.20.
Neither respondent nor the ODC filed objections to the board's recommendation in this court.

Conclusion
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record filed herein, it is the decision of this court that the recommendation of the disciplinary board be accepted.[4]
Accordingly, it is ordered that respondent, Jeffrey LeBlanc, be suspended from the practice of law for a period of three years, effective from the finality of this judgment. Respondent's payment of full restitution or efforts to make restitution will be considered if respondent applies for reinstatement. Respondent is assessed with costs of these proceedings in the amount of $283.20.
TRAYLOR, J., would disbar respondent.
MARCUS, J., not on panel.
NOTES
[*] Marcus, J. not on panel. Rule IV, Part 2, § 3.
[1] However, respondent did later file an untimely response, denying any misconduct on his part.
[2] ABA Standard 4.51 provides "disbarment is generally appropriate when a lawyer's course of conduct demonstrated that the lawyer does not understand the most fundamental legal doctrines or procedures, and the lawyer's conduct causes injury or potential injury to a client."

ABA Standard 4.52 provides "suspension is generally appropriate when a lawyer engages in an area of practice in which the lawyer knows he or she is not competent and cause injury or potential injury to a client."
[3] In In re: LeBlanc, 97-1056 (La.9/19/97), 699 So.2d 378, respondent was suspended from the practice of law for a period of eighteen months based on his representation of a client in a products liability action. After filing the action, respondent failed to respond to discovery requests or to a motion for summary judgment filed by the opposing party, ultimately resulting in the case being dismissed with prejudice. When his client discovered his negligence, respondent misrepresented to her that he would be able to reopen the case. Subsequently, he refused to cooperate with the ODC's investigation into the matter, which included a failure to comply with a subpoena compelling his attendance at a scheduled deposition.
[4] Since respondent's misconduct in In re: LeBlanc, 97-1056 (La.9/19/97), 699 So.2d 378, arose at a similar time and under similar circumstances to the misconduct charged in the instant matter, the disciplinary board correctly considered the type of sanction which would have been imposed had both charges been presented together. An attorney should not be unduly penalized simply because, due to delays inherent in the disciplinary system, similar conduct occurring within a similar time frame is raised in separate formal charges.