*1290 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM. *
This attorney disciplinary proceeding arises from two counts of formal charges instituted by the Office of Disciplinary Counsel (“ODC”) against respondent, E. Gordon Schaefer, Jr., an attorney licensed to practice law in the State of Louisiana. The charges allege violations of the Rules of Professional Conduct, specifically, Rules 1.3 (lack of due diligence), 1.4 (failing to comply with reasonable requests for information), 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failing to cooperate with the ODC in its investigation) and 8.4(c) (engaging in conduct involving fraud, deceit, dishonesty or misrepresentation).
UNDERLYING FACTS
The record indicates that in 1989, Carol Hoadley retained respondent to represent her in a litigation/arbitration claim against the Merrill Lynch stock brokerage firm. Respondent failed take any action regarding the claim. However, over the next several years, respondent assured his client that he was handling the matter and informed her the litigation was postponed and reset to later dates. In 1996, he told her the matter had been removed to federal court in Monroe, Louisiana. Finally, in 1997, respondent admitted to his client that he never filed the case. He further stated he was moving to Mexico and told her she needed to obtain other counsel.[1]
On November 24, 1997, Ms. Hoadley filed a complaint with the ODC regarding respondent’s misconduct. The ODC forwarded three separate notices of the complaint by certified mail to respondent at the address listed in his bar registration statement, but respondent failed to pick ¡^up the notices. Although respondent was advised of the existence of the complaint by his former law partner or associate, respondent failed and/or refused to take any action to address or to respond to the complaint.
DISCIPLINARY PROCEEDINGS
On April 3, 1998, the ODC instituted formal charges against respondent. Respondent filed an answer admitting to the misconduct. However, in mitigation, he stated that he did not learn of the complaint until March of 1998 because, although he maintained an office in Metairie, Louisiana, he resided in Mexico. Further, he expressed remorse for his “reprehensible” actions with regard to his client, and alleged he apologized to her.
Subsequently, in a telephone conference with the hearing committee, respondent waived his right to a formal hearing. The parties were given the opportunity to submit a written memorandum on the issue of sanctions, but respondent failed to do so. The ODC filed its memorandum, seeking an eighteen month suspension.

Hearing Committee Recommendation

The hearing committee found respondent admitted the misconduct and expressed contrition and responsibility for it. As aggravating factors, the committee found respondent’s victim was vulnerable, that he had substantial experience in the practice of law; and that he expressed an indifference to making restitution. As mitigating factors, it found respondent had an absence of a prior disciplinary record, an absence of an apparent selfish or dishonest motive, and expressed a cooperative attitude towards the proceedings. Based upon these factors, and considering the jurisprudence,[2] the commit *1291 tee recommended the respondent be suspended from practice of law forja period of eighteen months.

Disciplinary Board Recommendation

The disciplinary board concurred in the findings of the hearing committee. It concluded respondent violated duties owed to the legal system, the profession and the public, and that his conduct was knowing and intentional. Like the hearing committee, the disciplinary board recommended respondent be suspended from the practice of law for a period of eighteen months.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
The record supports the factual findings of the hearing committee and disciplinary board. Respondent failed to take any action on his client’s behalf, but he misled her into believing her case was proceeding. His misconduct caused harm to his client in that her claim ultimately prescribed. Under such circumstances, an eighteen month suspension from the practice of law is appropriate. See In re LeBlanc, 97-1056 (La.9/16/97), 699 So.2d 378.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is the decision of the court that respondent, E. Gordon Schaefer, Jr., be suspended from the practice of law for a period of eighteen months. All costs in this matter are assessed against respondent, with legal interest to commence thirty days from the date of the finality of this court’s judgment until paid.
TRAYLOR and KNOLL, JJ., dissent.

 Marcus, J. not on panel. Rule IV, Part II, § 3.

. Ms. Hoadley did retain new counsel, who reviewed the matter and determined her claim had prescribed. However, he assisted her in obtaining a minimum settlement of $4,900 from Merrill Lynch.

. The committee relied on the following cases: In re LeBlanc, 97-1056 (La.9/19/97), 699 So.2d 378 (eighteen month suspension imposed on a lawyer who failed to respond to a discovery request, which ultimately caused his client’s case to be dismissed on summary judgment, and failed to advise his client of the dismissal); In re Yaeger, (La.9/5/97), 698 So.2d 951 (eighteen month suspension, with all but three months deferred, imposed on a lawyer for allowing a claim to prescribe and failing to keep his clients properly informed); In re Dixon, 94-3084 (La.2/17/95), 650 So.2d 740 (eighteen month suspension, deferred, with a two year probation and *1291 monthly restitution payments imposed on attorney who permitted her client's claim to prescribe, failed to timely notify the client of the malpractice, and with a conflict of interest entered into a contract with the client to pay her medical bills and to settle the matter without advising the client to seek independent legal advice); and Louisiana State Bar Ass'n v. Lyons, 491 So.2d 369 (La.1986) (two year suspension imposed on a lawyer without a prior disciplinary record who knowingly deceived his clients into believing suit had been filed on their behalf).