It JOHNSON, J.,
Dissenting.
This court has determined that respondent’s conduct in permitting a client’s lawsuit to prescribe, and concealing the fact that the case had prescribed for over three years, warrants a sixty day suspension from the practice of law. A sixty day suspension is far more lenient than other suspensions recently imposed by this court. In In Re:Dixon, 94-3084 (La.2/17/95), 650 So.2d 740, this court imposed a 180 day suspension for the respondent who permitted a client’s case to prescribe. In In Re: LeBlanc, 97-1056 (La.9/19/97), 699 So.2d 378, respondent failed to file a response to a motion for summary judgment, and his client’s lawsuit was dismissed. This court suspended him from practice for 180 days.
I believe that the respondent in this case should be suspended from the practice of law for at least 180 days. Not only did respondent permit his clients’ lawsuit to prescribe, but he misled them about the status of their case for over three years. He did not attempt to obtain the sheriffs report and medical reports to ascertain the date of the accident until after the exception of prescription had been filed. Re *649 spondent personally met with the clients in the fall of 1993, and he still did not inform them that their case had been dismissed in 1992. Furthermore, he continues to refuse to acknowledge the wrongful nature of his conduct. Both the Disciplinary Board and the Hearing Committee found that respondent’s actions were intentional. The Disciplinary Board found that respondent acted with a dishonest or selfish motive. I agree with the Disciplinary Board’s conclusion that, if respondent’s actions were intentional and implicitly self-serving, his conduct must, by definition, be predicated upon a selfish or dishonest motive.
As Disciplinary Counsel points out, although motive is insusceptible of direct observation, the record contains direct evidence that respondent intentionally withheld critical information from his clients. Respondent admits that he failed to advise the clients that their lawsuit had prescribed. He also admits that he failed to notify the clients that an exception of prescription had been filed in their case, and that he never consulted with the clients before ordering that their case be dismissed. _[gHe further admits that he did not instruct the associate in his office to inform the clients of the dismissal of their claim. The record suggests that respondent’s actions were directed towards concealing from the clients that their case had prescribed and avoiding personal responsibility for the dismissal of the case by placing the blame on an inexperienced associate.
I respectfully dissent because I believe that respondent’s conduct warrants a 180 day suspension from the practice of law.