ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM.
This matter arises from a petition for consent discipline filed by respondent, Nancy Yeager, an attorney licensed to practice law in the State of Louisiana but currently on interim suspension. For her misconduct, respondent proposed that she be suspended from the practice of law for three years, followed by a one-year period of probation with conditions. The Office of Disciplinary Counsel (“ODC”) concurred in respondent’s petition, and the disciplinary board recommended the proposed discipline be accepted.
UNDERLYING FACTS
The petition for consent discipline encompasses four separate files investigated by the ODC. The underlying facts of these *496 matters are not in dispute, having been stipulated to by the parties.

Investigative File No. 11131

On March 8, 2000, a representative of the Family Dollar Store in Covington notified police that respondent had left the store with a package of washcloths that she had not paid for. When the Covington Police Department approached respondent, she gave her name as Rita Magee. The police searched respondent’s vehicle and [¿found the following merchandise that was not listed on her receipt:[1] a package of twelve Cannon washcloths valued at $4.99; one pair of imitation pearl earrings valued at $2.00; and three pasted paisley wallpaper borders valued at $1.00. Respondent was arrested and charged with shoplifting, but the matter was not prosecuted by the district attorney’s office. Respondent represents that she did not intend to steal the merchandise and that she was willing to pay for the items, but that there had been a misunderstanding with store personnel.

Investigative File No. 13150

In October 1998, Patricia Walters retained respondent to represent her in a divorce proceeding. Thereafter, respondent failed to communicate adequately with her client and failed to diligently move the case forward. In October 2000, respondent notified Ms. Walters that she would no longer be handling her case.[2] Ms. Walters requested an accounting from respondent, but respondent failed to comply with this request. In April 2001, Ms. Walters filed a complaint against respondent with the ODC.

Investigative File No. 13W0

Charmain Schwab retained respondent to handle a personal injury matter arising out of an automobile accident that occurred in May 1997. In July 2000, respondent settled Ms. Schwab’s claim for $9,557. Respondent failed to place these funds into a client trust account, and instead deposited the settlement into an account where Ms. |sSchwab’s funds were commingled with funds belonging to respondent. Respondent also failed to timely pay $2,160 to Ms. Schwab’s medical providers; however, she made restitution of these sums in June and October, 2001, after a complaint was filed with the ODC.

Investigative File No. 11863

In October 2001, respondent was arrested and charged with forgery and theft stemming from her purchase of $197.78 in groceries using a check drawn on a closed account.[3] Following the screening of the criminal charges, the District Attorney’s Office placed respondent in a pre-trial diversion program. Respondent failed to self-report the matter to the ODC.
DISCIPLINARY PROCEEDINGS
The ODC conducted an investigation into the complaints filed against respondent. Respondent and the ODC then filed a joint petition for interim suspension, which this court granted on October 23, 2002. In re: Yeager, 02-2530 (La.10/23/02), 830 So.2d 293.
*497 Prior to the institution of formal charges, respondent filed a petition for consent discipline, admitting her conduct in the four investigative files at issue violated Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.15 (safekeeping property of clients or third persons), 1.16 (termination of the representation), 3.2 (failure to expedite litigation), 8.3(a) (failure to report professional misconduct), 8.4(b) (commission of a criminal act reflecting |4adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Louisiana Rules of Professional Conduct. In mitigation, respondent suggested that she suffered personal and emotional problems stemming from the death of her husband and the closure of her law practice; made a good faith effort to pay restitution and to rectify the consequences of her misconduct; cooperated with the ODC in the investigation and resolution of the - complaints filed against her; and demonstrated remorse. In aggravation, respondent acknowledged that she has a prior disciplinary record.[4] For her misconduct, respondent proposed that she be suspended from the practice of law for three years, followed by a one-year period of probation with conditions. The ODC concurred in respondent’s petition for consent discipline, suggesting that disbarment is not warranted in light of the mitigating factors present in this case.

Disciplinary Board Recommendation

The disciplinary board found that respondent violated duties owed to her clients, the public, the legal system, and as a professional. The board observed that although the record contains little information concerning respondent’s state of mind, her conduct appears to have been negligent in some instances and knowing or intentional in others. As a result of her conduct, respondent caused damage to Ms. Walters by her failure to timely provide information necessary for her client to make informed decisions. Respondent also failed to provide a timely accounting. She IsCaused damage in the form of delay and frustration to Ms. Walters, as well as to Ms. Schwab. By her failure to appropriately handle client funds, respondent caused delay and frustration not only to her client, but also to her client’s third-party medical providers. Respondent’s dishonest behavior relative to the shoplifting, forgery, and theft arrests, as well as her failure to self-report these matters, caused damage to the legal system and to the profession, causing delay and unnecessary expenditure of funds. The baseline sanction for such misconduct is a suspension from the practice of law.
Based upon its review of the record, the board determined the aggravating factors present include respondent’s prior disciplinary offenses, a pattern of misconduct, and multiple offenses. In mitigation, the board recognized respondent’s personal and emotional problems, good faith effort to make restitution and to rectify the consequences of her misconduct, remorse, and *498 a cooperative attitude toward the disciplinary proceedings. After reviewing the pri- or jurisprudence of this court dealing with misconduct similar to respondent’s,[5] the board determined the proposed consent discipline is appropriate. Accordingly, the board recommended that respondent be suspended from the practice of law for three years, followed by a one-year period of probation governed by the conditions set forth in the petition for consent discipline.
DISCUSSION
The rule violations present in this case, as admitted by respondent, principally involve her neglect of legal matters, failure to communicate with a client, commingling of client funds, failure to timely pay third-party medical providers, failure to properly | r,terminate the representation of her client, failure to self-report professional misconduct, commission of a criminal act, and dishonest and deceitful conduct. The sole issue presented for the court’s consideration is whether the three-year suspension proposed by respondent and concurred in by the ODC is an appropriate sanction for the misconduct.
In fashioning an appropriate sanction, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
In prior cases involving misconduct similar to respondent’s, this court has imposed lengthy suspensions to disbarment. Respondent has suggested, and the ODC has agreed, that the mitigating factors present in this case warrant the imposition of a suspension. After reviewing the record in its entirety, we agree. In particular, we find respondent has made a good faith effort to rectify the consequences of her misconduct and demonstrates remorse and a cooperative attitude toward the disciplinary proceedings. In light of these facts, we conclude a three-year suspension is an appropriate sanction for respondent’s misconduct.
17Accordingly, we will accept the petition for consent discipline and suspend respondent from the practice of law for three years, retroactive to the date of her interim suspension.[6]
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Nancy Yeager, Louisiana Bar Roll number 21160, be suspended from the practice of law for three years, retroactive *499 to her October 23, 2002 interim suspension. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent also had in her possession merchandise that she had purchased from the Family Dollar Store and for which she had a receipt.

. Respondent’s husband died in 1999, and by mid-2000, she was winding down her law practice so that she could return to the nursing profession.

.According to the joint stipulation of facts filed with the petition for consent discipline, the check "was from a closed account from an office where Ms. Yeager used to work.” No further explanation is provided.

. Respondent was admonished by the disciplinary board in 1998 for misconduct that violated Rules 8.2(a) (making a false statement concerning the qualifications or integrity of a judge or a candidate for election to judicial or legal office) and 8.2(b) (requiring a lawyer who is a candidate for judicial office to comply with the applicable provisions of the Code of Judicial Conduct) of the Rules of Professional Conduct. No further explanation of respondent’s misconduct in that matter is provided in the petition for consent . discipline, and there is no copy of the admonition in the record presently before the court.

. The board determined that a lengthy suspension from the practice of law is the appropriate sanction in cases involving neglect, failure to disburse third-party funds, and dishonesty, citing In re: Kleinpeter, 00-1966 (La. 11/28/00), 774 So.2d 95, and In re: Le-Blanc, 98-0800 (La.5/29/98), 713 So.2d 449. This court imposed three-year suspensions in both Kleinpeter and LeBlanc.

. The petition for consent discipline also provides for a one-year period of probation with conditions. However, such issues, along with any other relevant factors, may be addressed if and when respondent applies for reinstatement. See In re: Welcome, 02-2662 (La. 1/24/03), 840 So.2d 519; In re: Harris, 99-1828 (La.9/17/99), 745 So.2d 1172.