JjON APPLICATION FOR REINSTATEMENT
PER CURIAM.
In 2003, petitioner, Nancy Yeager, was suspended from the practice of law for three years, retroactive to the date of her interim suspension, pursuant to a petition for consent discipline. In re: Yeager, 03-2479 (La.11/7/03), 863 So.2d 495. After serving her suspension, petitioner filed an application for reinstatement, asserting that she has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The Office of Disciplinary Counsel (“ODC”) took no position concerning petitioner’s reinstatement. Accordingly, pursuant to Supreme Court Rule XIX, § 24(F) and (G), the matter was referred for a formal hearing before a hearing committee.
After considering the evidence presented, the hearing committee recommended that petitioner be conditionally reinstated to the practice of law. The disciplinary board agreed that petitioner proved by clear and convincing evidence that she satisfies the criteria for reinstatement. Accordingly, the board recommended to this court that petitioner be reinstated to the practice of law, subject to a two-year period of probation with specified conditions. Neither petitioner nor the ODC objected to the disciplinary board’s recommendation.
| {¡After considering the record in its entirety,[1] we will adopt the disciplinary board’s recommendation and reinstate petitioner to the practice of law, subject to a two-year period of supervised probation governed by the conditions recommended by the board. The two-year probationary period shall commence from the date petitioner, the ODC, and the probation monitor execute a formal probation plan. Should petitioner fail to comply with the conditions of probation, or should she commit any misconduct during the period of probation, her conditional right to practice may be terminated immediately or she may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Nancy Yeager, Louisiana Bar Roll number 21160, be immediately reinstated to the practice of law in Louisiana, subject to a two-year period of supervised probation governed by the conditions as set forth herein. Should petitioner fail to comply with the conditions of probation, or should she commit any misconduct during the period of probation, her conditional right to practice may be terminated immediately or she may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary En- *719 forceraent, as appropriate. All costs of these proceedings are assessed against petitioner.

. In its report, the hearing committee observed that one of petitioner's clients, Patricia Walters, raised an issue regarding petitioner's fee in her divorce case. Without passing on the validity of this fee dispute, we note that Ms. Walters has the option of proceeding with fee dispute resolution through the Louisiana State Bar Association, should she choose to do so.