*68 ATTORNEY DISCIPLINARY PROCEEDINGS
I .PER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, George S. Stephen Bradley, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
This disciplinary matter arises from respondent’s representation of Jason Blanchard. By way of background, in 1996, Mr. Blanchard pleaded guilty to armed robbery and possession of a firearm by a convicted felon. On September 25, 2000, Mr. Blanchard filed a pro se application for post-conviction relief. The application was denied by the trial court in November 2000. Mr. Blanchard then applied for supervisory writs from the trial court’s ruling. On May 31, 2001, the court of appeal denied Mr. Blanchard’s writ application.
Shortly after the court of appeal’s ruling, Mr. Blanchard’s stepfather, James Walsh, retained respondent to file a writ application in this court on Mr. Blanchard’s behalf. Mr. Walsh gave respondent $1,800 towards a total fee of $4,000 to handle the matter, and he explained to respondent that the “appeal” was due in approximately twenty days.
Respondent accepted the representation, although he admitted he had little or no experience or background in the area of criminal law. After being retained, [2respondent failed to file any-pleadings on behalf of Mr. Blanchard. Mr. Walsh filed a disciplinary complaint against respondent in November 2001.
Respondent failed to answer Mr. Walsh’s complaint, necessitating the ODC’s issuance of a subpoena compelling him to appear on March 26, 2002 and answer the complaint under oath. On March 29, 2002, respondent met with Mr. Walsh and convinced him that within two months he would see “substantial progress” in Mr. Blanchard’s case. Nonetheless, respondent failed to take any meaningful action on Mr. Blanchard’s behalf. He also failed to promptly release the file to his client upon request, and delayed in refunding the unearned portion of the legal fee that Mr. Walsh paid.
DISCIPLINARY PROCEEDINGS
After investigation, the ODC filed one count of formal charges against respondent, alleging that his conduct in the Blanchard matter violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a) (failure to provide competent representation to a client), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(6) (failure to refund an unearned fee), 1.16(d) (obligations upon termination of the representation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
In his answer to the formal charges, respondent admitted that he did not regularly communicate with Mr. Walsh, and that he did not achieve “concrete progress” in the case as he had promised after his sworn statement in March 2002. Furthermore, respondent admitted that he did not account to Mr. Walsh for the partial |sfee he paid, but he represented that he had “just spoken to him by phone and have *69 agreed to return the fee; in this conversation, he also acknowledged that he has obtained his file.”

Recommendation of the Hearing Committee

The matter proceeded to a formal hearing before the committee. The ODC presented the testimony of Mr. Walsh, as well as documentary evidence. Respondent testified on his own behalf.
Considering the evidence presented at the hearing, the hearing committee found clear and convincing evidence that respondent violated Rules 1.1(a) (competence), 1.3 (diligence), 1.4 (communication), 1.16(d) (termination of the representation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (misrepresentation). The committee made no finding concerning the Rule 8.4(d) violation alleged by the ODC in the formal charges. Finally, the committee found the ODC did not prove a violation of Rule 1.5(f)(6) (failure to refund an unearned fee), reasoning that after Mr. Walsh made demand for return of the fee, he then gave respondent a “second chance” and allowed him to retain the fee. Respondent returned the fee at the hearing.
Relying upon the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined that the baseline sanction for respondent’s misconduct is a suspension from the practice of law. As aggravating factors, the committee recognized respondent’s prior disciplinary offenses,[1] multiple offenses, and substantial experience in the practice of law (admitted 1977). The committee made no finding concerning mitigating factors. Under these circumstances, the committee Rrecommended that respondent be suspended from the practice of law for a period of two years.

Recommendation of the Disciplinary Board

After reviewing this matter, the disciplinary board found that the hearing committee’s factual findings are supported by the record. With regard to its legal findings, the board determined the committee correctly found respondent’s actions violated Rules 1.1(a), 1.3, 1.4, 1.16(d), 8.4(a), and 8.4(c). However, the board also found that respondent violated Rule 1.5(f)(6) when he failed to promptly refund the legal fee Mr. Walsh paid, and that he violated Rule 8.4(d) when he misrepresented to Mr. Walsh the legal services he would perform for Mr. Blanchard, causing Mr. Blanchard to miss the deadline to file his writ application.
The board determined that respondent violated duties owed to his client, and that his conduct was partly knowing and partly intentional. Respondent knew that he had not practiced criminal law for twenty years and that he had not kept abreast of either the substantive or procedural changes in criminal law. Respondent’s conduct was intentional when he purposely did not return Mr. Walsh’s telephone calls, and when he failed a second time to work on the file because he had lost interest in the case. The board found that Mr. Blanchard was harmed by missing the writ application deadline and by respondent’s failure to timely return the file so that he could seek other counsel, and that Mr. Walsh was harmed by the delay in having his $1,800 fee returned.
Standard 4.42 of the ABA’s Standards for Imposing Lawyer Sanctions suggests that suspension is appropriate when a law *70 yer knowingly fails to perform services for a client or engages in a pattern of neglect and causes injury or potential | sinjury to a client. Respondent knowingly failed to do any work on Mr. Blanchard’s writ application and then failed again to do any work after being given a second chance by Mr. Walsh. Standard 4.52 provides for suspension when a lawyer engages in an area of practice in which he knows he is not competent, and causes injury or potential injury to a client. Respondent had not handled a criminal matter in twenty years and he did not stay current in criminal law nor did he become current in the law.
The board recognized the following aggravating factors: prior disciplinary offenses, pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law. The board found that no mitigating factors are present.
Turning to the issue of the discipline that should be imposed for respondent’s misconduct, the board noted that the baseline sanction for a single instance of neglect, failure to communicate, and failure to properly terminate a client’s representation is generally a suspension of one year and one day. However, longer suspensions have been imposed in cases in which significant aggravating circumstances are found to be present.[2] The board concluded that under the facts of this case, the appropriate sanction is an eighteen-month suspension from the practice of law, with five months deferred, subject to a one-year period of supervised probation and successful completion of Ethics School. The board also recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to | ^commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
Based on our review of the record, we conclude the ODC proved by clear and convincing evidence that respondent failed to represent Mr. Blanchard in a competent and diligent manner. The record further *71 supports the finding that respondent failed to adequately communicate with Mr. Walsh or Mr. Blanchard and failed to refund in a timely manner the unearned legal fee paid by Mr. Walsh.
Having found professional misconduct, we now turn to a discussion of the appropriate sanction for this misconduct. In fashioning a sanction, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from [ 7engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s misconduct caused harm to Mr. Blanchard by causing him to miss the deadline to file his application for review. The baseline sanction for such misconduct is a suspension from the practice of law.
Several aggravating factors are present, including respondent’s prior disciplinary record, refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law. We find no mitigating factors, although we recognize respondent belatedly made full restitution to Mr. Walsh.
Considering all the factors, we conclude an eighteen-month suspension from the practice of law, with five months deferred, is an appropriate sanction.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record filed herein, it is ordered that George S. Stephen Bradley, Louisiana Bar Roll number 3375, be suspended from the practice of law for a period of eighteen months, with five months deferred. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date óf finality of this court’s judgment until paid.

. Respondent was admonished by the disciplinary board in 1998 for neglecting a legal matter, failing to communicate with a client, and failing to cooperate with the ODC in its investigation (see 98-ADB-010).

. The board cited In re: Trichel, 00-1304 (La.8/31/00), 767 So.2d 694 (eighteen-month suspension imposed upon an attorney who neglected a legal matter, failed to communicate with his clients, and failed to properly terminate his representation of the clients; aggravating factor of prior discipline was noted), and In re: Schaefer, 98-2740 (La. 1/8/99), 725 So.2d 1289 (eighteen-month suspension imposed upon an attorney who failed to take any action on his client's behalf, but misled her into believing her case was proceeding; the claim ultimately prescribed. The aggravating factors included vulnerability of the victim, substantial experience in the practice of law, and indifference to making restitution.).