*168 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
_J^This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Lawrence H. Martin, Jr., an attorney licensed to practice law in Louisiana but currently ineligible to practice.[1]
UNDERLYING FACTS
In 2002, Victor Baldovino hired respondent to represent him in a Chapter 13 bankruptcy. He paid respondent $600 plus court costs. Respondent filed the bankruptcy petition, but the trustee objected. Respondent failed to inform Mr. Baldovino of the objection and the requirement that he pay pursuant to the bankruptcy plan. The court denied the confirmation of the bankruptcy plan on July 23, 2002. Mr. Baldovino believed respondent would amend the plan. However, the amendment was not filed. Therefore, the trustee filed a motion to dismiss, which was set for hearing on August 20, 2002. Respondent failed to inform Mr. Baldovino of the hearing. He also failed to object to the motion. Consequently, Mr. Baldovi-no’s case was dismissed. During this time period, Mr. Baldovino attempted to contact respondent but was unsuccessful.
| ^Subsequently, Mr. Baldovino hired other counsel to represent him. His new counsel filed another bankruptcy petition, and his bankruptcy plan was eventually approved.
On August 12, 2003, Mr. Baldovino forwarded a certified letter to respondent, which included an itemization of costs totaling $3,400, which he incurred due to respondent’s negligence. On November 3, 2003, respondent forwarded Mr. Baldovino a $1,000 check and indicated he would make two more monthly payments to pay the balance. However, he failed to make the rest of the payments.
In December 2003, the ODC forwarded respondent notice of Mr. Baldovino’s complaint against him via certified mail. Re *169 spondent failed to respond to the notice or a follow-up letter also sent via certified mail. The ODC’s further efforts to contact respondent were unsuccessful.
DISCIPLINARY PROCEEDINGS
After investigation of Mr. Baldovino’s complaint, the ODC filed one count of formal charges against respondent, alleging his conduct violated the following Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(6) (failure to account for or refund an unearned fee), 1.16(d) (obligations upon termination of the representation), and 8.1(c) (failure to cooperate with the ODC in its investigation).
Respondent was served with the formal charges via certified mail delivered on March 24, 2005. Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court | aRule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Recommendation

After reviewing the ODC’s deemed admitted submission, the hearing committee made the following factual findings:
1) Mr. Baldovino hired respondent to file a Chapter 13 Bankruptcy petition in January 2002 and paid him a $600 fee plus costs;
2) Respondent filed the bankruptcy petition, and the bankruptcy trustee filed an objection to same;
3) Respondent did not advise Mr. Bal-dovino of the objection or the fact that he had to remit payments pursuant to the bankruptcy plan;
4) The bankruptcy court denied confirmation of the Chapter 13 plan in July 2002;
5) Respondent did not file an amended plan as Mr. Baldovino believed he would;
6) The trustee filed a motion to dismiss the bankruptcy, and same was set for hearing on August 20, 2002;
7) Respondent did not file an opposition to the motion, and the bankruptcy case was dismissed;
8) Respondent consistently failed to respond to Mr. Baldovino’s numerous attempts to contact him;
|49) Mr. Baldovino was required to retain new counsel, incurring additional expenses;
10) On December 19, 2002, Mr. Baldovi-no’s new counsel filed another Chapter 13 bankruptcy petition, and the plan was subsequently approved;
11) Respondent sent a letter to Mr. Bal-dovino’s new counsel proposing to pay $3,400 in three monthly installments to reimburse Mr. Baldovino for his additional expenses; however, respondent defaulted on the proposed payment plan; and
12) Respondent failed to cooperate in any way with the ODC.
Based on these findings, the committee determined that respondent violated Rules 1.3, 1.4, and 1.16(d) of the Rules of Professional Conduct. The committee also determined that respondent violated duties owed to his client and failed to cooperate with the ODC in its investigation of Mr. Baldovino’s complaint. Respondent’s conduct caused substantial harm to Mr. Bal-dovino in that he incurred additional ex *170 penses and time delays in his bankruptcy matter. Relying upon the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined that the baseline sanction is a period of suspension.
In aggravation, the committee found the following to be present: prior disciplinary offenses,[2] dishonest or selfish motive, a pattern of misconduct, bad faith obstruction of the disciplinary proceedings by intentionally failing to comply with rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, substantial experience in the practice of |slaw (admitted 1981), indifference to making restitution, and ineligibility to practice law. The committee found no mitigating factors present.
Considering the prior jurisprudence of this court involving misconduct similar to that at issue in the instant case, the com■mittee recommended that respondent be suspended from the practice of law for one year.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board determined that respondent violated Rules 1.3,1.4,1.16(d), and 8.1(c) of the Rules of Professional Conduct. The board determined there is no basis for a finding that respondent failed to refund an unearned fee in light of Mr. Baldovino’s admission in his sworn statement that respondent refunded $800 to him.
The board further determined that respondent violated duties owed to his client and as a professional. Respondent acted knowingly and caused actual harm to his client. He also caused harm to the disciplinary system by delaying the resolution of the complaint. Pursuant to the ABA’s Standards for Imposing Lawyer Sanctions, the baseline sanction is a period of suspension.
The board found the aggravating factors of prior disciplinary offenses, dishonest or selfish motive, a pattern of misconduct, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, substantial experience in the practice of law, indifference |fito making restitution, and ineligibility to practice law. The board found no mitigating factors.
Considering the facts of this case, the board recommended that respondent be suspended from the practice of law for two years and be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992).
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed *171 admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
|7The deemed admitted facts in this matter indicate that respondent neglected Mr. Baldovino’s bankruptcy matter, failed to communicate with him, failed to protect his interests upon termination of the representation, and failed to cooperate with the ODC in its investigation. In acting as he did, respondent violated Rules 1.3, 1.4, 1.16(d), and 8.1(c) of the Rules of Professional Conduct.
Having found professional misconduct, the sole issue presented for our determination is the appropriate sanction. In considering that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent violated duties owed to his client and as a professional. He acted knowingly, and his misconduct caused harm to his client. The ABA’s Standards for Imposing Lawyer Sanctions establish a period of suspension as the baseline sanction for this type of misconduct.
The record supports the following aggravating factors: prior disciplinary offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability of the victim, and substantial experience in the practice of law. There are no mitigating factors.
Like the committee and the board, we agree that respondent’s conduct resulted in considerable harm, both in delay and additional expense, to Mr. Baldovino. Although respondent filed the initial bankruptcy petition for Mr. Baldovino, he took |Rno further action in the case, which was ultimately dismissed by the court. Mr. Baldovino was forced to retain new counsel and spend more than $3,000 in expenses to complete what appears to be a relatively uncomplicated bankruptcy.
Additionally, respondent has been rather cavalier with regard to his professional obligations. As previously noted, respondent has been ineligible to practice law based on non-payment of bar dues since 2004 and ineligible to practice law based on failure to comply with his continuing legal education requirements since 2006. Respondent’s inattention to his professional responsibilities reinforces the conclusion that he has little concern for the duties he owes to his clients and the legal profession.
Under all these circumstances, we will adopt the disciplinary board’s recommendation and suspend respondent from the practice of law for two years.
DECREE
Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the *172 record, it is ordered that Lawrence H. Martin, Jr., Louisiana Bar Roll number 8992, be and he hereby is suspended from the practice of law for a period of two years. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
JOHNSON, J., would suspend one year and one day.

. Respondent has been ineligible to practice law since September 7, 2004 for failing to pay his bar dues and the disciplinary assessment. Respondent has also been ineligible to practice law since July 27, 2006 for failing to comply with the mandatory continuing legal education requirements.

. In May 1997, respondent was admonished for violating Rules 8.4(a) (violation of the Rules of Professional Conduct) and 8.4(d) (engaging in conduct prejudicial to the administration of justice).