*741 ATTORNEY DISCIPLINARY ' PROCEEDING
PER CURIAM.
| ]This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”)- against respondent, Katherine M. Guste, an attorney licensed to practice law in Louisiana, but currently suspended from practice.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1995.
In 2006, we considered a joint petition for .consent discipline filed by respondent and the ODC, wherein respondent admitted to failing to communicate with' clients, failing to make reasonable efforts to expedite litigation, and failing to promptly refund unearned fees. . For this misconduct, the parties proposed that respondent be suspended from the practice of law for six months, fully deferred, subject to a twelvemonth period of probation with conditions. We accepted the petition for consent discipline and imposed the parties’ proposed sanction. In re: Guste, 06-0917 (La.5/26/06), 929 So.2d 1233 (“Guste I”).
In 2012, we considered a second disciplinary matter addressing respondent’s failure to communicate with a client, failure to withdraw from a representation upon termination, failure to provide an accounting Or refund the unearned portion of the fee, failure to timely return a client’s file, and charging of an excessive fee. |aFor this misconduct, we suspended respondent from the practice of law for two years. In re: Guste, 12-1434 (La.12/4/12), 118 So.3d 1023 (“Guste II ”).
Respondent has not yet sought reinstatement from her suspension in Guste II. As such, she remains suspendéd from the practice of law. Against this backdrop, we now turn to a considération-of the misconduct at issue in the instant proceeding.
FORMAL CHARGES
Janet Schroeder hired respondent to represent her in a domestic matter involving issues of child custody and-partition of *742 community property, as well as a contempt proceeding. In May and June 2012, Ms. Schroeder paid respondent a total of $1,750 for attorney’s fees and court costs. On August 2, 2012, respondent filed a rule for contempt and to amend visitation schedule on Ms. Schroeder’s behalf. Before she was able to complete the representation, respondent was suspended from the practice of law pursuant to the court’s order in Guste II.
In February 2013, Ms. Schroeder filed a disciplinary complaint against respondent. In her response to the complaint, respondent admitted that Ms. Schroeder was due a refund of the court costs she paid. Respondent also acknowledged that she needed to provide Ms. Schroeder with a detailed accounting. Nevertheless, respondent failed to refund the unused court costs, failed to provide Ms. Schroeder with a detailed accounting, and failed to provide Ms. Schroeder with a copy of her file.
DISCIPLINARY PROCEEDINGS
In July 2014, the ODC filed formal charges against respondent, alleging that her conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.16(d) (obligations upon termination of the | ¡¿representation) and 8.4(a) (violation of the Rules of Professional Conduct). Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report'

After considering the ODC’s deemed admitted submission, the hearing committee found that respondent received a $1,750 fee, including $500 for court costs, for representing Ms. Schroeder regarding a contempt proceeding and partition of community property. Respondent was suspended from the practice of law before completing the matter. She then failed to submit a detailed accounting and failed to return the unearned fee. Based on these factual findings, the committee determined that respondent violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a. client),,- 1.5(a) (charging an unreasonable fee), 1.16(d), and 8.4(a) of the Rules of Professional Conduct. The committee then determined that the following aggravating factors are present: a prior disciplinary record, substantial experience in the practice of law (admitted 1995), and indifference to making restitution. The committee did not address the presence of mitigating factors.
After considering this court’s prior jurisprudence addressing similar attorney misconduct, the committee recommended that respondent be suspended from the practice of law for three years.
^Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.

Disciplinary Board Recommendation

After review, the disciplinary board, noting the factual allegations contained in the formal charges were deemed admitted, determined that the hearing committee’s factual findings are supported by the deemed admitted factual allegations and/or the evidence submitted in support of those allegations. Based on those facts, the board determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.- The board declined to *743 find the additional rule violations — Rules 1.3, 1.4, and 1.5(a) of the Rules of- Professional Conduct — found by the committee because these rule violations were not alleged in the formal charges. As such, respondent was not given fair and adequate notice of the additional alleged rule violations.
The board then determined that respondent knowingly violated duties owed to her client, the public, and the legal profession. Her conduct caused actual harm to Ms. Schroeder. Relying on the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the baseline sanction is suspension. The board agreed with the aggravating factors found by the committee -and determined .that no mitigating factors apply.
In light of respondent’s prior disciplinary record and after . considering this court’s prior jurisprudence addressing similar attorney misconduct, the board recommended that' respondent be suspended from the'practice of law for two years. The board also recommended that respondent be ordered to provide an accounting, return Ms. Schroeder’s file, return the unused court costs, and refund any unearned fees. One board member dissented and would recommend disbarment.
| Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary- matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears .no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific pule) .is not, readily apparent from the deemed admitted facts, additional eyidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The evidence in the record of this deemed admitted matter supports a finding that respondent, upon- termination of the representation, failed to provide her client with an accounting, failed to refund unused court costs paid by the client, and failed to provide her. client .with a copy of her file. Based on these facts, respondent has violated the Rules of Professional Conduct as charged by the ODC, - :
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are' mindful that disciplinary proceedings are designed to maintain Ifihigh standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
*744 Respondent knowingly violated duties owed to her client and the legal profession, causing actual .-harm. The baseline sanction for this type of misconduct is suspension. The record supports the aggravating factors found by the hearing committee and the disciplinary board. No mitigating factors are present.
Turning to the issue of an appropriate sanction, we find guidance from the following cases: In re: Martin, 06-2948 (La.3/9/07), 951 So.2d 167, and In re: Bradley, 04-0169 (La.6/4/04), 875 So.2d 67. In Martin, an attorney neglected a client’s bankruptcy matter, failed to communicate with the client, failed to protect the client’s interests upon termination of the representation, and failed to cooperate with the ODC in its investigation. The attorney had been admonished in May 1997 for violating Rules 8.4(a) and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct. In addition to the attorney’s prior disciplinary record, several other aggravating factors were present.' No mitigating factors applied. We' suspended the attorney from the practice of law for two years. In Bradley, an attorney neglected a legal matter, failed to communicate with a client, and failed to timely refund an unearned fee. The attorney, had been admonished in 1998 for neglecting a legal matter, failing to communicate with a client, and failing to cooperate with the ODC in its investigation. In addition.tQ the attorney’s prior, disciplinary record, two other .aggravating factors were present. No mitigating factors applied, but we did note 17that the attorney belatedly made full restitution. We suspended the attorney from the practice of law for eighteen months, with five months deferred.
Although respondent was not charged with neglecting a legal matter or failing to communicate with a client as were the attorneys in Martin and Bradley, her pri- or disciplinary history is more troubling than .in those two eases. In both Guste I and Guste II, she failed to refund unearned fees just as she has done in the instant matter. Also, her current misconduct is almost identical to the misconduct in which she engaged in Guste II, and she has not yet refunded the unused court costs or unearned fees. Under these circumstances, the board’s recommended sanction is appropriate.
Accordingly, we will adopt the board’s recommendation and suspend respondent from the practice of law for two years. We will further order respondent to provide an accounting, return Ms. Schroeder’s file, return the unused court costs, and refund any unearned fees.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Katherine M. Guste, Louisiana Bar Roll number 23486, be and she hereby is suspended from the practice of law for two years. It is further ordered that respondent shall provide an accounting to Janet Schroeder, return Ms. Schroeder’s file, return the unused court costs, and refund any unearned fees. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to- commence thirty days from the date of finality of this court’s judgment until paid.